Richards *v.* Leaming *et al.*

GEORGE M. RICHARDS, Plaintiff in Error, *v.* JANE LEAMIMG' *et al.*, Defendants in Error.

ERROR TO SCOTT.

A note given for the purchase of land, if transferred, does not carry with it to the assignee, the vendor's 'lien, so that the assignee can enforce it in his own name.

THIS was a suit in chancery, brought in the Scott Circuit Court, and based upon the following facts as set out in the bill:

Holloway W. Vansyckle sold to Peter Leaming two tracts of land, and took from him, Leaming, several notes of hand payable at a future day. The title to one of the tracts was in Murray McConnel, and the title to the other was in said McConnel and David A. Smith, but all in trust for Vansyckle. McConnel, at the request of Vansyckle, conveyed one of the tracts to said Leaming, and McConnel and Smith joined in a deed to Vansyckle for the other tract. While the title was in this condition, Leaming died, leaving a widow and two children, the defendants in this case.

After the death of Leaming, in pursuance of his contract and by arrangement with the family, Vansyckle conveyed all this land (both tracts) by warranty deed, to the two last named defendants, being the heirs at law of said Peter Leaming, deceased, the said widow and these children being in possession. There is no controversy in this case about the title to the land, or the mode or form of the conveyance; all but the last two notes are paid, and three hundred dollars on one of them.

Holloway W. Vansyckle, before these notes became due, sold and assigned them to complainant, and he filed this bill, setting up a vendor's lien against the land for the payment of these two notes, praying that a day be given to pay the same, and in default thereof, that said land be sold, or so much thereof as might be necessary to pay the same. A demurrer to this bill was filed, and overruled by the court.

The two last named defendants, being then minors, answered by their guardian *ad litem;* their answer denying all the allegations of the bill, and putting the complainant on proof thereof. The defendant, Jane Leaming, who had filed the demurrer, then filed her answer, setting up some defense, charging that Vansyckle had not conveyed to the said heirs all the land, as, by his contract, he was bound to do, but charged that he had conveyed but one of said tracts, and in

this answer she charged a new fact, not responsive to any charge in the bill, to wit, that said Richards had agreed with her to wait for the balance due on said notes until she could pay the same out of the proceeds of said land.

To these several answers, replications were filed, and the case was at issue.

Upon the trial, the complainant proved by a witness that the land was sold as charged in the bill, and that the two notes mentioned in the bill, were given by Leaming, deceased, in part consideration for said land. The assignment of the notes to Richards, the complainant, by said Vansyckle, was proven. The notes and assignments were read in evidence. Three deeds were read in evidence, clearly proving the conveyance of all the land as stated in the bill.

There was proof of the allegations in the bill, and the defendants having failed to introduce any evidence whatever, the court rendered a decree, that the bill be dismissed without prejudice.

To reverse this decree, and procure an order of this court remanding the cause, with instructions to the court below to render decree in accordance with the prayer of the bill, the case is brought to this court.

M. McConnel, for Plaintiff in Error.

A. G. Burr, for Defendants in Error.

Caton, C. J. The question in this case is, whether the vendor's lien for the purchase money of land, passes to the assignee of the note given for the purchase money, by the simple assignment of the note, so that the assignee of the note can enforce it in his own name and for his own benefit.

The vendor's lien arises from principles of equity alone, and finds no foundation or support in the principles of the common law, or our statute. Courts of equity have created this lien independent of any express contract, upon the mere supposition of the intention of the parties, and whenever from any circumstance, the court can infer that the vendor did not rely upon this lien, for his security, the courts have treated it as waived. Thus the taking of any security, either personal or material, or the neglect to enforce the lien for a considerable time, though short of the time prescribed by the statute of limitations, has been considered as a waiver of the lien. *Conover* v. *Warren*, 1 Gilm. 498; *Trustees* v. *Wright*, 11 Ill. 603. This species of incumbrance upon real estate has never been looked upon with favor in this State. It

is a secret lien, not spread upon the records, which the policy of our law designs should exhibit the true condition of the title to all real estate; and not even resting in any contract or agreement, either in writing or parol.   In the first case cited, this court said :  " These equitable liens on real estate are generally unknown to the world, and frequently operate injuriously on the rights of creditors and purchasers, and ought not to be enforced, but in cases where the right is clearly and distinctly made out."   And again, in the last case, it is said : " These secret liens on real estate, because generally in point of fact—however it may be in legal contemplation—unknown to the parties to be affected by them, are often productive of much injustice, and ought not to be encouraged."   We ought not, therefore, to extend this lien beyond the requirements of the settled principles of equity law.   In the common law, it has no existence.   In England, where it was first created by the court of chancery, acting upon the conscience of the vendor, as it professed, the vendor's lien has never been held assignable in any way by the vendor, although it is held to pass by devise or descent.   The right of this lien is confined to the person of the vendor alone, and the apparent exceptions above stated, are not in fact exceptions, for they are common attributes of nearly all personal rights, except those springing from torts.   In Maryland, this question is discussed with much learning, by Chancellor Bland, in *Iglehart* v. *Armiger*, Bland Ch. R. 519 ; and the right is held not to pass to the assignee of the note given by the vendee, for the purchase money. And in the same way was the question decided in *Briggs* v. *Hill*, 6 How. Miss. R. 362 ; and so by Chancellor Walworth, in *White* v. *Williams*, 1 Paige, 501.   And the Supreme Court of Ohio, in *Bush* v. *Kinsley*, 14 Ohio, 20, held the same rule, although they held that the lien was not absolutely extinguished by the assignment of the note, where the liability of the vendor continued upon the note, by reason of the indorsement, but was in a sort of abeyance and might be revived by the vendor, after he should have paid the note on his liability as indorser.   Kentucky alone has held a different rule, so far as our researches enable us to judge.   See *Thomas* v. *Wyatt*, 5 Monroe, 132.   The case of *Eskridge* v. *M'Clure*, 2 Yerger, 84, is not a case in point, for there the lien was created by a written memorandum at the bottom of the note, declaring that the land should be held as security, for the payment of the note.   This was in fact a written mortgage and was of course assignable, and was an incumbrance widely different from this secret, intangible, vendor's lien, which springs up without bargain and without promise, and very frequently, no doubt,

without any intention or even suspicion of either party, at the time of the original transaction, but is the fruit of the will of the chancellor. We are satisfied, that the law does not authorize the vendor to transfer this lien with the note, taken for the purchase money, even though he expressly professes to do so, and we are not inclined to make a law to enable him to do so.

The decree must be affirmed.

*Decree affirmed.*