## MICHAEL KEITH *et al.*

### *v.*

## HENRY H. HORNER.

1. VENDOR'S LIEN — *not assignable.* The law does not authorize the assignment or transfer of a vendor's lien to the purchaser of notes given for the purchasemoney.

2. Such a lien is not assignable, even by express language. The lien is personal, and can only be enforced by the vendor.

3. SAME — *will pass on the death of vendor.* This lien would, no doubt, pass, on the death of the vendor, to his representatives; but it is not the subject matter of sale and transfer by contract.

WRIT OF ERROR to the Circuit Court of Clinton county; The Hon. SILAS L. BRYAN, Judge, presiding.

This was a suit in chancery instituted in the Circuit Court by Henry H. Horner against Michael Keith and John Gedney, to enforce a vendor's lien upon real estate, as the assignee of the vendor.

The bill sets out that, on the 23d day of May, 1859, said Gedney sold and conveyed to said Keith, a certain town lot, therein described, and in part payment therefor Keith executed and delivered to Gedney two promissory notes, of that date, for $233.33 each, one due in two years, and the other in two years and a half after date, and both drawing ten per cent. interest; that on the same day, Gedney, for value received, indorsed the notes to Horner; that one of the notes was due, and both unpaid; that the lot was not worth more than the amount of the notes, and that Keith and Gedney were insolvent. The bill prays for a vendor's lien, in favor of said Horner, on said lot, to the amount of the notes, for a sale thereof, without redemption, and for general relief.

At the August term, 1861, of the Circuit Court, a decree, *pro confesso*, was entered against the plaintiffs in error, that said Horner have a vendor's lien on said lot to the amount of said notes; that Keith pay to Horner the sum of $285.24, the amount of the note first due, in thirty days, and the sum of $291.66, the amount of the note last due, on the 23d day of November, 1861, and in default of such payments that said lot be sold for cash, by the master in chancery, to satisfy the same, and if not redeemed according to law, that he convey the same to the purchaser, and that said Keith pay the costs.

The money not being paid as provided in the decree, the master made sale of the premises, which was reported to the court and approved. The defendants thereupon sued out this writ of error. The question arising upon the record is, whether the lien in favor of the vendor of the lot, passed by the assignment of the notes for the purchase-money, so as to inure to the benefit of the assignee.

Messrs. BUXTON and WHITE, for the plaintiffs in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The bill alleges that John Gedney, on the 23d of May, 1859, sold and conveyed to Michael Keith a town lot, in part payment for which he executed to Gedney two promissory notes, for two hundred and thirty-three dollars and thirty-three cents each, due at twelve and eighteen months, with ten per cent. interest; that on the same day Gedney indorsed them to Horner; that one of the notes was due, and that both were unpaid, and that Keith and Gedney were insolvent. The bill prays that a vendor's lien may be decreed and enforced against the lot, to the amount of the notes, and for a sale without redemption. The defendants failed to answer; the bill was taken as confessed, and a decree passed, declaring that a vendor's lien existed, ordering the payment of the money due in thirty days, and the money not then due, by the 23d day of November, 1861, and, in default of payment, that the property be sold, with redemption. To reverse that decree this writ of error is prosecuted.

This court has held that the law does not authorize the assignment or transfer of a vendor's lien to the purchaser of the notes given for the purchase-money; that such a lien is not assignable, even by express language; that the lien is personal, and can only be enforced by the vendor. *Richards* v. *Leaming*, 27 Ill. 431. This lien would, no doubt, pass, on the death of the vendor, to his representatives, but it is not the subject matter of sale and transfer by contract. The case of *Richards* v. *Leaming* was, in all essential facts, similar to this, and the rule there announced is decisive of this case. The decree of the court below must, therefore, be reversed, and the bill is dismissed.

*Decree reversed.*