# HENRIETTA M. CARPENTER *et al.*

## *v.*

## MATTHEW H. MITCHELL.

1. VENDOR'S LIEN—*whether it passes to an assignee.* While it is the rule that an ordinary vendor's lien for the purchase money of land, which exists, not by virtue of any contract between the parties, but merely by implication of law, is not transferable so as to be enforced in favor of an assignee of the notes given for the purchase money, yet, when the lien of the vendor arises out of express contract, as by being reserved in the deed, and such reservation recognized on the face of the notes, it will pass to an assignee of the notes, and may be enforced in his favor.

2. SAME—*whether waived by taking other security.* Where the lien of the vendor of land arises out of express contract between the parties, it will not be deemed to be waived by the taking of other security for the payment of the purchase money, as would be the case with an ordinary vendor's lien which exists merely by implication of law.

3. MARRIED WOMEN—*of their power to purchase property and create indebtedness therefor.* The act of 1861 authorizes a married woman to acquire property from any person other than her husband, by descent, devise, *or otherwise*, and this last expression is broad enough to embrace a purchase by her, of real estate; and having such power of purchase, when exercised, it must be on the same terms and conditions as attach to others not under

disability, so far that she shall be bound by her purchase, and her separate property rendered liable, in equity, to discharge indebtedness incurred therefor.

4. So where a married woman purchased real estate, receiving a deed therefor, and executing her promissory notes for the purchase money, it was *held*, the contract being fully executed on the part of the vendor, a court of equity would regard it binding upon the purchaser, and would subject the land, the title still remaining in such purchaser, to the payment of the purchase money.

5. In such case, had the contract remained unexecuted, a court of equity might not interpose to compel its execution; but it being executed, by the purchaser having received a conveyance, it was deemed equitable that the purchase money be paid by subjecting the land to sale for that purpose.

6. SALE *under decree to enforce vendor's lien—within what time allowable—right of redemption.* Where a vendor's lien is reserved by express contract between the parties, and it is sought by bill in chancery to subject the land to the payment of the purchase money, it is no objection that the decree allows only thirty days for the payment of the money before a sale shall be had, because, the lien arising by contract, it is in the nature of, if not a mortgage, and the defendant is allowed to make redemption at any time within twelve months after the sale.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. S. L. BRYAN, Judge, presiding.

This was a proceeding in chancery to enforce a vendor's lien on certain lands in favor of an assignee of the notes given for the payment of the purchase money. The lien is expressly reserved in the deed as follows: "And it is understood and expressly agreed by and between the parties hereto that this conveyance is made subject to the vendor's lien of the grantor herein, the said Rebecca Strickle, and that said lien is expressly reserved and retained on said land by and for said Rebecca Strickle, her heirs and assigns, until said promissory notes, each and all of them are fully paid according to their tenor and effect, anything in this deed or elsewhere to the contrary notwithstanding." And the fact that the lien was so reserved appears on the face of the notes in the following form: "This note is given for part payment of the unpaid purchase money of certain lands conveyed by warranty deed recorded in Book

——, page —, of the records of Marion county, Illinois, and to secure the payment hereof the vendor's lien is in said deed expressly reserved."

Mr. B. B. SMITH, for the plaintiffs in error.

Mr. D. C. JONES, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The bill charges that, on the thirteenth day of April, 1869, Rebecca Strickle was the owner of certain lands described in the bill, and that she sold and conveyed them to Henrietta M. Carpenter, and conveyed them by warranty deed; that Isaac Strickle, her husband, joined her in the conveyance, which was duly acknowledged and recorded; that the consideration for the sale of the land was $4750, of which $2500 was paid in hand, and the balance was to be paid in instalments, the first on the twenty-fifth of December, 1868; the second, the twenty-fifth of December, 1869, and the third, the twenty-fifth of December, 1870, all drawing six per cent interest.

It also charges that the grantors in the deed reserved, in terms, a vendor's lien for the unpaid purchase money, and a similar lien was expressly given in the notes until the purchase money should be paid, and the notes expressly state that they are given for the purchase money of the lands; that the notes were all endorsed to defendant in error by Rebecca Strickle before they became due, and that he owned the same, and that they are unpaid, although the first had become due; prayer that Henrietta and Samuel Carpenter be made parties; that an account be taken on the the first note; and for a decree that it be paid, or, in default, that the land be sold, or so much as might be necessary to satisfy the note, and the remainder stand as security for the notes still to fall due, and for general relief. A demurrer was filed, but was overruled.

Thereupon, leave was granted to defendants to file a cross-bill, which they did. It admits the material allegations of the

original bill, but insists that, as Henrietta was a married woman at the time the notes were given, she was incompetent to give the notes, and they are void. She offers to rescind the contract, and restore the land subject to the lien she holds on the same, to secure her in the $2500 of purchase money she paid when the conveyance was made to her; that she is ready to re-convey the land to the grantor, or to defendant in error, if they will repay her the money. Prayer that the contract be rescinded, and that the money she paid be decreed to her, and that defendant in error, or Mrs. Strickle, be required to receive a re-conveyance, and the purchase money paid be a lien on the land.

The answer admits the material allegations of the original bill. It insists that the reservation of the lien in the deed and notes does not change the rights of the parties; that the lien is not assignable, and that plaintiffs in error did not sign the deed, and that the reservation of the lien is not a written contract, and is void under the statute of frauds; that the vendor's lien was waived by taking Carpenter, the husband, as security on the notes. Henrietta defends the bill, on the ground that she was a married woman when the notes were given, and offers to rescind the contract, if Mrs. Strickle, or defendant in error, will refund the money she paid, with interest, and she offers to account for rents and profits. A replication was filed, and an answer to the cross-bill was filed and a replication interposed to it. A hearing was had on the original bill and cross-bill, and the answers thereto, the replications, exhibits and proofs, when the court below granted the relief sought in the original bill.

It is first urged that the court erred in enforcing the vendor's lien in favor of the assignee of the notes, when a vendor's lien is not transferable. This position is correct, if this is such a lien, in the legal acceptation of the term. A vendor's lien is the equitable right the vendor impliedly retains of subjecting the land sold to the payment of the purchase money. It need not arise from special agreement, but merely, and usually, from

9—54TH ILL.

an implication of law, that the seller does not intend to release his claim on the land for the purchase money. But this lien may be released by an express or an implied agreement; and it has been held that it is lost by taking security for the price of the land sold; and it is held that it is personal, and is not transferable. Being secret, it is not so far favored as to be sustained in favor of an assignee of the debt, for the reason that equity does not presume that the assignee looks to the land for payment, which is presumed in favor of the vendor.

In this case, however, the lien is expressly reserved in the deed and conceded in the notes. It arises by express contract, and became a matter of record, and full notice to all who might deal with the property, and, being conceded in the notes, all persons purchasing them are assured by their contents that a lien is conceded, not only to the vendor, but to his assigns. This, then, is more than an ordinary vendor's lien. It is a written contract that the land shall be burthened with the lien until the notes are paid. If not a mortgage, it approximates one more nearly than an ordinary vendor's lien. It declares the land to be in pledge for the payment of the purchase money. It has the same effect as if a written agreement had been entered into and signed by the parties, that there should be a lien on the land to secure the payment of the notes, and that the assignee of the notes should have the right to enforce it. When the deed and notes are considered as a part of the same transaction, it is substantially the same as such an agreement, and it will be readily conceded that equity would carry an agreement thus entered into by the parties into effect, and enforce it as it would any other lawful contract. Here are parties competent to contract, the subject matter of a contract, and a sufficient consideration and an agreement legally entered into, and no reason is suggested why it should not be enforced. Such a lien created by writing has been held to be assignable in equity. 1 Hilliard on Mortg. 473, 477 and 486. It was held in the case referred to on the last page mentioned, of that work, that the lien reserved in a memorandum to the note was, in equity, assignable.

Where, created by writing, it differs from the lien created by implication, as the latter is not assignable.

The objection that the husband becoming surety of the wife for the payment of the notes, discharged the lien, is untenable for the same reason.     Being a lien created by contract, and not a lien raised by equitable presumption, his signing the notes did not affect the agreement of the parties that the lien should be created.     We can not hold that the expressed agreement of the parties can be defeated by the implication that it was intended to be waived, simply because there is a surety on the notes.     Such would, no doubt, be true in the case of an ordinary vendor's lien, but we have seen that this is not of that character, and hence that rule does not apply.

It is next urged that the sale is void because Mrs. Carpenter was a married woman, and could not, for that reason, make a valid contract or a binding purchase.     This may have been true, in a qualified sense, before the adoption of the act of 1861, usually called the " married woman's law."     At common law, a married woman could not bind herself or property, but in equity, she might, in many cases, charge her separate property. To prevent her from perpetrating fraud and injustice, she could be compelled to perform her agreements in a class of cases, by subjecting her separate property to her contracts.     The first section of the act of 1861 (Gross' Comp. 439) declares that all property belonging to a married woman as her sole and separate property, or such as she owns at her marriage after the passage of the law, or which she may acquire in good faith from any person other than her husband, by descent, devise, or otherwise, shall, notwithstanding her marriage, be and remain, during coverture, her sole and separate property, under her sole control, and controlled by her as if she were sole and unmarried.

This provision contemplates the acquisition of property in different modes by married women, and a fair interpretation of the language employed embraces a purchase by her.     It names the acquisition by descent and devise, and instead of limiting it to that mode, enlarges the power by recognizing other unenumerated modes, by the expression, " or otherwise," which is

broad enough to embrace a purchase. If, then, the statute authorizes a married woman to purchase real estate, she must, when she exercises such a power, do it on the same terms and conditions which attach to others not under disability, so far as to be bound by her purchase, and to render her separate property, in equity, liable to discharge indebtedness thus incurred. While she can not bind herself at law, as hitherto decided, she may bind her separate property in equity. So far as we can see, Henrietta deliberately purchased this property, acting on her own judgment, inducing others to part with their property, and it may be, thus inducing them to incur other liabilities from which they cannot escape, and if permitted to rescind, and they be compelled to refund the money paid, it would produce great inconvenience, and perhaps loss and injury; but, be that as it may, having the power to make the purchase, and to create the lien, the property thus purchased and placed under the lien, must be held liable for its discharge and satisfaction. If this was no more than an unexecuted contract, a court of equity might not interpose to compel its execution, but it being executed by having received a conveyance, it is highly equitable that the purchase money be paid by subjecting the land to sale for the purpose.

When this case was previously before the court, 50 Ill. 470, we said the plaintiff must resort to a court of equity. If he had conveyed to her the property without taking back a mortgage, and if she still held the title, he could ask that the land be sold for the payment of the balance of the purchase money, or that the contract be rescinded; or if she and her husband had conveyed to an innocent purchaser, the plaintiff might ask for payment from the proceeds of the sale. Although this was not a mortgage, it was a contract of such a character that a court of equity must treat it as such, which renders what was then said applicable to the case as now presented, and as the land has not been sold to an innocent purchaser, it must be held bound for the payment of the balance of the purchase money. There is no force in the objection that the sale was

decreed to be made after thirty days.   We have seen that this is a lien given by express contract, and in the nature of, if not a mortgage, and the sale should be on redemption, and appellant can not complain, as redemption is allowed for one year after the sale, and thirty days after the decree was ample time before the sale was required to be made.   Had the sale been without redemption, then the time before the sale would have been insufficient.   We perceive no error in the record, and the decree must be affirmed.

*Decree affirmed.*