## SAMUEL MARKOE *et al.*

*v.*

## WILLIAM ANDRAS.

1. VENDOR'S LIEN—*not assignable.* The lien which arises by implication of law in favor of the vendor of land, is personal, and not assignable or transmissible even by express contract. It can be enforced only by the vendor. The assignment of the note given for the purchase money, does not carry with it, to the assignee, the vendor's lien, so that the assignee can enforce it in his own name.

2. SAME—*distinguished from lien reserved in deed.* Where the vendor expressly reserves a lien in his conveyance for the purchase money, it is created by contract and not by implication of law. A lien secured in this manner constitutes a mortgage to all intents and purposes, and nothing more or less, and therefore passes, in equity, by an assignment of the notes, to the assignee.

3. FORECLOSURE—*right to redeem.* Where the vendor's lien is created by express contract, it being in effect a mortgage, it is error on foreclosure to decree a sale without right of redemption.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was a bill in chancery, by defendant in error against plaintiffs in error, to enforce a lien reserved for the purchase money of land.

It appeared that Joseph M. Tellis, one of the defendants, together with his wife, conveyed certain lands to Samuel Markoe for the consideration of $3600, of which sum $1100

was paid down, and a promissory note executed for the remaining $2500, payable in three years, with eight per cent interest till due, and ten per cent after due. The note recited that it "is secured by vendor's lien on real estate, duly stamped." Tellis assigned this note to defendant in error. The deed from Tellis and wife to Markoe, after the description of the lands, contained this provision : "Reserving a full and perfect vendor's lien to secure the deferred payment of twenty-five hundred dollars, due three years after this date, etc., (describing note,) with the privilege to the maker to pay said note before maturity, with interest to day of payment. And Edward P. Kirby is hereby authorized, as our attorney in fact, to release, and enter satisfied this lien, on the payment of the money, as fully as we could if present."

Mr. WILLIAM BROWN, for the plaintiffs in error.

Mr. HENRY E. DUMMER, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This court has held, in conformity with the well recognized principle appertaining to that lien which arises by implication of law, in favor of the vendor of land, that such lien is personal, and not assignable or transferrable. If the note, given for the purchase money of land be transferred, it does not carry with it, to the assignee, the vendor's lien so that the assignee can enforce it in his own name. *Richards* v. *Leaming,* 27 Ill. 431. Such a lien is not assignable even by express language ; it is personal, and can only be enforced by the vendor. *Keith* v. *Horner,* 32 ib. 524 ; *McLaurie* v. *Morans,* 39 ib. 291.

It appears, from the record, that Tellis sold a tract of land to Markoe, taking in part payment thereof Markoe's note, the note reciting that "it was secured by vendor's lien on real estate, duly stamped." Tellis assigned this note to defendant in error, Andras, who filed his bill in the Morgan circuit

court, praying for a decree that Markoe pay the amount due on the note and costs of proceedings, or, in default thereof, that the premises be sold to pay the amount adjudged to be due on the note, and the costs. It appeared, on the hearing, that the deed from Tellis to Markoe reserved a vendor's lien to secure the payment of the note.

The facts were all found by the court as alleged in the bill, and a decree passed that complainant had a lien on the premises, and in default of payment, by a day named, of the amount found due on the note, and the costs, that the land be sold by a special master to the highest bidder, and that the sale be irredeemable, and that defendants, if a sale is made, be barred and foreclosed of all equity of redemption.

The errors assigned are, that the amount found due was too large by about the sum of five dollars, and making the sale irredeemable.

It is very clear, we think, in the light of the cases above cited, that defendant in error, Andras, acquired no vendor's lien by the assignment of the note; that such a lien did not, in fact, exist. That kind of lien arises only by implication, where the vendor has taken no mortgage or other lien, and is not assignable. The lien in question was created by express contract of the parties, of which the assignee can avail in equity. What is the nature of this lien? As was said in *Carpenter et al.* v. *Mitchell,* 54 Ill. 126, it arises by express contract; it became a matter of record on recording the vendor's deed, and was notice to all who might deal with the property, and was conceded in the note given for the balance due. All persons purchasing it were assured by its contents that a lien was conceded, not only to the vendor but to his assigns. It is, therefore, more than the ordinary lien of a vendor. It is a written contract that the land shall be burthened with the lien until the note is paid. If not a mortgage, it approximates one more nearly that the ordinary lien of a vendor. It declares the land to be in pledge for the payment of the purchase money.

Upon full reflection, we are satisfied the mode in which this lien was reserved constituted the transaction, to all intents and purposes, a mortgage, and nothing more or less; and being so, it must be subject to all the consequences resulting from the foreclosure and sale of an ordinary mortgage, one of which consequences is, by our statute, redemption within twelve months after the sale. It is in this view alone that appellee could come into equity to enforce this lien; as assignee of a mere vendor's lien, he could not do it. This being a lien created by express contract, gives to it all the efficacy of a mortgage.

It is conceded the decree is too large by the sum of three dollars and ten cents, and is, to that extent, erroneous. Decreeing that the sale should be irredeemable was also error, and for these errors the decree is reversed and the cause remanded.

*Decree reversed.*