# JAMES G. WRIGHT *et al.*

*v.*

# FRANK TROUTMAN.

1. CHANCERY—*facts found by decree upon hearing on proofs, binding on parties, though minors.* Where the decree states that a hearing was had upon proofs, and the facts are found by the court in the decree, it will bind the defendants, though they are minors, unless the decree purports to give the evidence, or refers to it in the record, and, upon inspection, it is insufficient to warrant the conclusion at which the court has arrived.

2. LIEN—*for purchase money of land under written contract may be enforced in name of assignee.* Where land is sold, and a written contract executed by the parties, whereby the vendor retains the title to the land as security for the unpaid purchase money, and the vendee executes his notes for such purchase money, the notes and contract will be considered as one instrument, and regarded as a security in the nature of a mortgage, which may be sold and assigned, and enforced in the name of the assignee by decree in equity.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

Mr. ANTHONY THORNTON, for the plaintiffs in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This writ of error is brought to reverse a decree of the circuit court of Coles county, rendered at the September term, 1863, in a certain cause, wherein Frank Troutman, the defendant in error, filed his bill against the plaintiffs in error and others, to foreclose a lien and subject certain lands in the bill described to the payment of the purchase money due and owing under a written contract of sale.

The contract of sale was made by William E. Simms, who owned the lands, on the 18th day of December, 1854, by which he sold to R. H. Warren, trustee of Sarah Wright, 480 acres of land, for the sum of $6000, payable, $3000 on the 1st day of January, 1855, and $3000 on the 1st day of January, 1856, with interest at 10 per cent, payable annually.

The written contract contained a provision as follows: "The said party of the first part is to retain in himself and heirs the title of said land, until the last payment is made, at which time he binds himself and heirs to make and execute to the said party of the second part, as trustee for the said Sarah Wright, for use of herself and heirs forever, a deed of conveyance of said land, with general warranty of title.

Two promissory notes were executed by R. H. Warren, trustee for Sarah Wright, and delivered to Simms, for the purchase money for the lands, bearing date January 1, 1855, one for $3000, due one day after date, the other for a like sum, due in twelve months, each with interest at the rate of ten per cent, payable annually.

Each note contained a clause showing that it was given as the purchase price for the lands sold.

At the time of the filing of the bill, there had been paid upon the notes given for the land only $600.

Sarah Wright, for whose benefit the purchase had been made, had died, and the plaintiffs in error, who were her minor children and heirs, together with Warren, the trustee, and Edwin Wright, the husband of Sarah Wright, were made defendants to the bill.

Edwin Wright, the husband, did not appear, and a default was taken as to him. Warren appeared and filed an answer, in which he, in substance, admitted the allegations of the bill. A guardian *ad litem* was appointed for the minor children of Sarah Wright, the plaintiffs in error, who filed an answer in their behalf.

On the hearing, the court found to be due on the contract, as purchase money for the lands sold, $11,052.29, and rendered a decree for the payment of the money within a certain time, and, in default of payment, ordered the lands sold for the payment of the debt.

The main ground relied upon to reverse the decree is, that a vendor's lien can not be assigned, and it is said the decree is void.

It is argued by the counsel for the plaintiffs in error, that

the notes only were assigned to the complainant in the bill, and that he had no *status* in court, no right to file a bill to enforce a lien which he had not, and could not acquire by virtue of the assignment of the notes.

The argument is predicated, no doubt, in a great measure, upon a misapprehension of the correct condition of the record.

It is true, the bill in this case was filed by Frank Troutman, the assignee of the vendor, Simms, but it is not true that he was merely assignee of the notes, but he was the assignee of the contract of sale as well.

The evidence upon which the court rendered the decree is not incorporated in the record, nor is it set out in the decree, but the decree states that a hearing was had upon the proofs. The language used in the decree is as follows: "And this cause coming on to be heard upon the bill, answer of guardian *ad litem*, answer of Robert H. Warren, exhibits and *proofs*."

We understand the rule to be well settled that, where the decree states that a hearing was had upon proofs, and the facts are found by the court in the decree, it will bind the defendants, although minors, unless the decree purports to give the evidence, or refers to it in the record, and, upon inspection, it is insufficient to warrant the conclusions at which the court has arrived. *Preston* v. *Hodgen*, 50 Ill. 56; *Mauck* v. *Mauck*, 54 Ill. 281.

As the evidence is not, therefore, incorporated in the record, or set out in the decree, resort must be had to the facts found in the decree to exist, to determine what interest the complainant had in the notes and contract of sale.

The decree, after finding that the contract and notes were executed, and the amount due thereon, contains this clause: "And it further appearing that the said Simms assigned and transferred all his right, title and interest in and to said contract and agreement and notes so made as aforesaid, to the said complainant, and that the said land was intended by the said Simms and the said complainant and the said Wright to be security, and the only security, for the payment of the pur-

chase money and interest, and that no other security has been taken for the same," etc.

We must, therefore, regard the fact established as charged in the bill and found by the decree, that the complainant was the assignee, and, as such, the owner, not only of the notes, but of the contract of sale.

The inquiry then, presented by the record, is, whether the complainant, as assignee of the notes and the contract of sale, had the right to exhibit his bill to foreclose the interest of the plaintiffs in error in the land, and subject it, whatever it might be, to sale for the non-payment of the purchase money.

It is true this was called a bill to enforce a vendor's lien, but that it was not a bill of that character, in the legal acceptation of that term, is apparent from the allegations of the bill, and the facts upon which the decree was predicated.

The vendor's lien, as that term is known and recognized in the books, usually arises from an implied agreement existing between vendor and vendee, that the vendor shall have a lien on the lands sold for the payment of the purchase money. *Kirkham* v. *Boston*, 67 Ill. 599; *Carpenter* v. *Mitchell*, 54 Ill. 126.

This lien may be released by an express or implied agreement; it is lost by taking other security for the price of the land sold, and this court has expressly held that it is personal, and can not be transferred. *Richards* v. *Leaming*, 27 Ill. 431; *Keith* v. *Horner*, 32 Ill. 524; *McLaurie* v. *Thomas*, 39 Ill. 291.

But the lien relied upon here, or the right of the complainant to subject the lands in the contract to the payment of the balance due on the purchase, did not arise from an implied contract existing between the vendor and vendee, but the lien arose upon the express contract of the parties, which was transferrable, and which the assignee might, with propriety, enforce in a court of equity.

Where land is sold upon credit, the vendor may convey by deed, and take a mortgage from the vendee to secure the pay-

ment of the purchase money, or he may execute and deliver a contract providing for a conveyance upon the payment of the purchase money. If the latter mode is adopted, we are not aware that it has ever been questioned that the vendor holds the land in security for the payment of the purchase money.

In *Smith* v. *Price*, 42 Ill. 399, it was held that, where lands were sold by contract, and the vendee let into possession, the premises, in fact, became the property of the vendee, subject to the lien of the vendor for the unpaid balance of the purchase money.

When the lands in this case were sold by Simms to Warren, the legal title was retained in the vendor for the sole purpose of securing the payment of the two notes given for the purchase money. The land, by the terms of the contract, was held in pledge for the payment of the purchase money.

The two notes and the contract, which are to be considered as one instrument, may be regarded a security in the nature of a mortgage, which may be sold and assigned, and enforced in the name of the assignee by decree in equity. *Carpenter* v. *Mitchell*, 54 Ill. 126; *Markoe* v. *Andras*, 67 Ill. 34.

The admissions made by Warren, the trustee, in regard to the interest of Sarah Wright in the purchase of the premises, we do not regard of any importance.

Whether the purchase was, in fact, made by Sarah Wright or her husband, was of no significance, so far as the rights of complainant were involved, or so far as the duty or obligation rested upon Warren or the Wrights to pay the purchase money for the lands bought.

The fact was apparent that the purchase money for the lands had been long due, the payment which had been made only amounting to one year's interest.

The object of the bill was not to deprive the legal representatives of Sarah Wright of any benefit they might have derived from the contract, for the reason the purchase may have, in fact, been made by her husband, but the sole purpose of the bill was to compel payment of the purchase money, or, in de-

fault thereof, that the interest of Warren, the trustee, and the Wrights, in the lands, should be sold.

We perceive no substantial error in the record, and the decree will be affirmed.

*Decree affirmed.*