William Dayhuff

*v.*

Philip Dayhuff *et al.* Admrs. etc.

1. Vendor's lien—*not transferable.* A vendor's lien does not pass to the assignee of the note given for the purchase money of land, and will not be enforced in his name.*

2. Same—*by administrator of vendor.* Where the vendor of land dies before the full payment of the purchase money, and without transferring the note given for the price, the lien can be enforced by his personal representatives for the benefit of the estate, and a contract to sell the note after bill filed, without an assignment, will not defeat the suit.

Writ of Error to the Circuit Court of Fayette county; the Hon. A. J. Gallagher, Judge, presiding.

---

*See *Markoe et al.* v. *Andras,* 67 Ill. 34, as to the rule where the lien is expressly reserved in the deed.

Messrs. VanDorston & Campbell, for the plaintiff in error.

Messrs. Henry & Fouke, for the defendants in error.

Mr. Justice Breese delivered the opinion of the Court:

This was a suit in chancery, in the Fayette circuit court, instituted by the administrators of John Dayhuff, deceased, and against William Dayhuff, to enforce a vendor's lien, the vendor being the intestate of complainants.

Much testimony was heard, and on the hearing, the court decreed as prayed, and the defendant brings this writ of error.

The principle point made by the plaintiff in error is, that as the legal representatives of John Dayhuff had sold the note, alleged to have been given for the land, to one Smith, since the commencement of the suit, but had not assigned the same, the complainants had no cause of action.

It has been held by this court, and this is the universal doctrine, that a vendor's lien does not pass to the assignee of the note given for the purchase money, and will not be enforced in his favor. *Richards* v. *Leaming*, 27 Ill. 431; *Keath et al.* v. *Horner*, 32 ib. 524. Here, the note was not assigned. The contract to sell it to Smith was made after the commencement of the suit to enforce this lien.

The note not having been transferred, the lien can be enforced, after the death of the vendor, by his personal representatives, for the benefit of the estate. *Keath et al.* v. *Horner*, *supra*.

The evidence, we think, fully establishes the fact that this note for three hundred and twenty-five dollars, was given in payment for the land. The court found but two hundred dollars, part thereof, so applicable, and decreed a lien for the payment of that sum. As the complainants are content with that, there can be no cause of complaint by plaintiff in error, it being a less sum than the court might have found from the testimony.

We do not see any error in the decree, and it must be affirmed.

*Decree affirmed.*