[No. 6,859.—Department One.]

C. L. DINGLEY ET AL. EXECUTORS OF THE ESTATE OF ARTHUR PHINNEY, DECEASED, v. BANK OF VENTURA ET AL.

MORTGAGE—DEED—VENDOR AND VENDEE.—A deed conveying land, and in express terms reserving to the grantor a lien to secure the payment of two promissory notes for a part of the price, creates an equitable mortgage upon the land.

ID.—ID.—ID.—VENDOR'S LIEN.—Such lien is more than a vendor's lien, and is not lost by the assignment of the promissory notes.

ID.—CONSTRUCTION OF STATUTE.—Section 2922 of the Civil Code does deprive a court of equity of the power, in a proper case, of declaring an instrument which is not a mortgage in form to be one in effect.

APPEAL from a judgment for the plaintiffs, and an order denying a new trial, in the First District Court, County of Ventura. FAWCETT, J.

The action was brought to foreclose a mortgage, and plaintiffs relied upon the deed referred to in the opinion as constitut-

ing a mortgage. The plaintiffs had judgment, and certain of the defendants appealed.

*B. S. Brooks, Brooks & Blackstock, C. A. Sorcke, A. W. Thompson,* and *Williams & Williams,* for Appellants.

The vendor's lien was not assignable.

It is strictly personal to the vendor, and can be enforced only by him. Such a lien is not assignable even by express language, and the law does not authorize the transfer of a vendor's lien to the purchaser of notes given for the purchase-money. (*Keith* v. *Horner,* 32 Ill. 524; *Wing* v. *Goodman,* 75 id. 160; *Ross* v. *Heintzen,* 36 Cal. 313.) The lien was lost by transfer of the notes. A vendor's lien for unpaid purchase-money on the sale of land is lost by a transfer of the evidence of the indebtedness to another. (*Elder* v. *Jones,* 85 Ill. 384; Civil Code, § 3047.)

This cannot be deemed or treated as a mortgage. It is the policy of our law to make all matters affecting real estate patent by the record. Mortgages are required to be acknowledged and recorded. (Civ. Code, § 1164.) The mortgage must be recorded *as a mortgage,* and a separate book is provided for that purpose. (Civ. Code, § 1171.) A mortgage is a contract by which specific property is hypothecated for the performance of an act without the necessity of a change of possession. (Civ. Code, § 2920.) A mortgage can be *created,* renewed, or extended only by writing executed with the formalities required in the case of a grant of real property. (Civ. Code, § 2922; *Wells* v. *Harter,* 56 Cal. 342.)

There must be a transfer in writing, signed by the grantor and delivered to the grantee; and it takes effect "only upon delivery by the grantor" (Civ. Code, §§ 1053, 1054); and it cannot be delivered *to the grantee* conditionally. Delivery to him is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery was made. (Civ. Code, § 1056.) To constitute a mortgage, there must be *a transfer of an interest in property,* made only as security for the performance of another act. (Civ. Code, § 2924.) A transfer absolute on its face may be shown to be a mortgage (Civ. Code, § 2925), but in all these cases the transfer or *grant* is made by the *mortgagor.*

In no sense within the terms of our Code can a mortgage be made by the grantor *in his own favor*. That would be charging the transfer with a condition.

There is an obvious reason. The Code has provided for vendor's liens, and upon what terms they should exist. The debt may exist in the form of a promissory note, but if the grantor takes a promissory note for the purchase-money and ·transfers it, the vendor's lien is gone. If the vendor desires to retain a mortgage upon the land, he must convey and take a mortgage from the purchaser, or he can make a contract to convey and retain the title for his security; but he cannot convey the title and retain a lien upon the property which he can transfer to another.

A mortgage on real estate can he *created* only by writing executed with same formalities as a grant. (*Petes* v. *Muller*, 53 Cal. 676.)

*Mastick, Belcher & Mastick*, for Respondents.

An express reservation in a deed of a lien upon the land conveyed creates an equitable mortgage, and when the deed is recorded every one is bound to take notice of the incumbrance. No particular words are essential for creating a lien by express reservation. All that is necessary is that the words used should distinctly convey the idea that the vendor retains a lien on the land. (Jones on Mortgages, § 228.)

A lien for the purchase-money expressly reserved by a vendor in his deed of conveyances is a lien created by contract, and not by implication of law. It is a contract that the land shall be burdened with the lien until the note is paid. It is really a mortgage. The lien, then, becomes a matter of record when the deed is recorded. It is not waived by the taking of other security, as is the case with an ordinary vendor's lien. It is governed by the same rules that a mortgage is. It passes by an assignment of the notes secured by it. It is foreclosed as a mortgage; and there is the same right of redemption for a limited period after a foreclosure sale. (Civ. Code, § 229.)

In the following cases instruments similar to the one at bar were held to create mortgages: *Smith* v. *Rowland*, 13 Kan. 245; *King* v. *The Young Men's Association*, 1 Woods, 386;

*Caldwell* v. *Fraim*, 32 Tex. 310 ; *Moore* v. *Lackey*, 53 Miss. 85 ; *Markoe* v. *Andras*, 67 Ill. 34.

ROSS, J. :

On the 2nd of May, 1874, the defendant Huse was the owner of certain real property, which, on that day, he conveyed by deed to the defendant Williams, in consideration of a cash payment of $5,000 in gold coin, and the "further sum of $9,784, to be paid as follows : $5,000 in gold coin on the 15th day of December proximo, and $4,784 in gold coin on the 1st day of June, 1875, for which last two sums a lien is reserved to myself (the grantor) upon the premises." The deed also contained this further clause :

"And I (the grantor) hereby reserve a lien upon said tract of land as security for the payment of the balance of the purchase-money at the times hereinbefore specified, in gold coin of the United States, with interest at the rate of one per cent. per month from the 15th day of April, 1874 ; and upon the payment of the balance, namely, $9,784, with the said interest thereon, I (the grantor) bind myself, my heirs, executors, and administrators to execute a full release and quitclaim of the said premises, free from all incumbrances whatsoever."

The deed was properly acknowledged, and was duly recorded in the appropriate county. For the deferred payments, the vendee executed his two certain promissory notes to Huse. The one for $4,784 Huse afterwards indorsed and assigned, for a valuable consideration, to the plaintiff's intestate. The defendants other than Huse and Williams are the claimants of certain interests in the land acquired subsequent to the execution and recording of the deed from Huse to Williams ; but they claim that the assignment by Huse of the note of $4,784 operated a waiver of the lien, and consequently that the assignment of the debt did not convey with it the security. If, as seems to be supposed by appellant's counsel, the lien held by Huse as security for the payment of the deferred purchase-money was simply a vendor's lien, their position would undoubtedly be correct. But this was not the case. The lien reserved by Huse was something more than a vendor's lien. Vendor's liens are created by the *law*, and not by contract of

parties. Section 3046 of the Civil Code, which was in force when the transaction in question was had, declares : " One who sells real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid *and unsecured* otherwise than by the personal obligation of the buyer." In the case under consideration, the purchase-price remaining unpaid was *not* " unsecured otherwise than by personal obligation of the buyer "; for the parties to the deed expressly contracted that the vendor should have a lien for the unpaid purchase-price. It is not, therefore, a vendor's lien, but rather a lien secured to the vendor by the contract of the parties. It was, in effect, though not technically, a mortgage. In Jones on Mortgages, § 229, it is said : "A lien for the purchase-money, expressly reserved by a vendor in his deed of conveyance, is a lien created by contract, and not by implication of law. It is a contract that the land shall be burdened with the lien until the note is paid. It is really a mortgage. The lien, then, becomes a matter of record when the deed is recorded. It is not waived by the taking of other security, as is the case with an ordinary vendor's lien. It is governed by the rules that a mortgage is. It passes by an assignment of the note secured by it. It is foreclosed as a mortgage, and there is the same right of redemption for a limited period after a foreclosure sale." (See also 1 Herman on the Law of Mortgages, § 212; *Markoe* v. *Andras*, 67 Ill. 34; *Moore* v. *Lackey*, 53 Miss. 85; *Wright* v. *Troutman*, 81 Ill. 376.) There was nothing in any law which prevented the parties from creating this lien by contract. Section 2922 of the Civil Code, relied on by appellants, did not do so. That section declares : " A mortgage can be created, renewed, or extended only by writing, executed with the formalities required in the case of a grant of real property." As already said, the lien in question was not technically a mortgage, but it was one in effect.

The section quoted from the Code cannot be held to deprive a court of equity of the power, in a proper case, of declaring an instrument which is not a mortgage in form one in effect. In the case under consideration, the same deed that conveyed the title declared the lien. It was in writing, supported by a valuable consideration, acknowledged, and recorded. Notice

was thus given to all the world that the title conveyed was incumbered. No one dealing in respect to the property could fail to have notice of the lien. We know of no principle of law, statutory or otherwise, preventing parties from contracting as the parties in this case did, nor do we know of any reason why their contract should not be enforced by the courts. A court of equity looks through the form to the substance of the matter before it, and where, as here, it finds a contract in the deed of conveyance securing to the vendor a lien on the land sold for the unpaid purchase-price, it treats it as, what it is substantially, a mortgage. Being in effect a mortgage, the assignment of the debt carried the security. (Authorities, *supra,* and *Moore* v. *Lackey,* 53 Miss. 85.) And the lien being a matter of record, all parties subsequently dealing in regard to the property did so subject to the lien.

Judgment and order affirmed.

McKEE, J., and McKINSTRY, J., concurred.