Blackford, J.
This was an action of debt on a promissory note in the usual form, executed by the defendants for the sum of $2,316.33, dated the 29th of December, 1838, and payable to Stivers, the plaintiff’s assignor, twelve months after date. The declaration was filed the 17th of September, 1840.
The defendants pleaded in bar of the action, that the consideration of the note was the purchase by the defendants from Stivers of two bills of exchange for the sum of $2,316.33 each, both dated the 5th of October, 1838, one payable twelve months after date, and the other twenty-four months after date, which bills were drawn on and accepted by one Lewis Evans; that at the time and place of making the note, the payee agreed with the defendants in writing, that the note was given in part consideration of said bills 'of exchange, and that the note should not be binding on the defendants, nor should any demand be made on them for the money, until the said acceptances of Evans should be all paid in cash by the acceptor or some person for him, and the same be produced with the note; that Evans had not paid the bills of exchange nor either of them, nor were the bills produced as evidence of their payment; and that, therefore, the consideration of the note had failed.
*84 *Spccial demurrer to the plea. The cause of demurrer assigned is, that it amounts to the general issue.
Judgment on demurrer for the defendants.
The plea shows that the note was given in consideration of two bills of exchange accepted by Evans, but that payment of the note was not to be demanded unless the bills should be paid when they became due. It is not shown by the plea, but' that the defendants or their indorsees still held both the bills, and would enforce the payment of them against the acceptor. Besides, it is not shown but that the bill not due when the-plea was filed, would be paid at maturity. The conclusion of' the plea, therefore, that the consideration of the note had failed, is not warranted by the facts pleaded. The plea would have been valid as a plea of failure of consideration, had it shown that, on the acceptor’s default as to the first bill, both: the bills had been returned to Stivers and the contract rescinded. It would then have appeared—which was essential to the plea as a plea of failure of consideration—that the plaintiff held the note, at the time the suit was brought, without any consideration. But nothing of that kind is shown by the plea.
There are facts, however, stated by the plea, which, under-the general issue, would be a bar to the suit. It shows that at the time the note was executed, Stivers entered into a written agreement that payment of the note should not be demanded, unless the bills of exchange should be both paid at maturity. The note and agreement must, under the circumstances, be considered as forming one contract. Hunt v. Livermore, 5 Pick. R., 395; Cunningham v. Gwinn, 4 Blackf., 341. At the time the suit was commenced, one of the bills, according to the plea, was not due and had not been paid. By the contract of the parties, therefore, even had the bill first due been paid, the time for demanding payment of the note had not arrived when the suit was commenced, the other bill not being yet due. That being the case, the plea amounts to the general issue, as it avers the contract to be a very different one from that described in the declaration. Hayselden v. Staff, 5 Adol. & Ellis, 153; 1 Chitt. Precedents, 204, m.(1)
J. Q. Marshall and C. Cushing, for the plaintiff. ■
8. C. 8tevens, for the defendants.
The demurrer to the plea should have been sustained.
*Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.

 “It is now settled that the defense, that by the original contract the defendant was to have credit or time for payment of the debt claimed, for a period which had not elapsed when the action was commenced, may be given in evidence under non assv/mpsit or nunquam indebitatus; and indeed cam, not properly be pleaded specially, as it shows a different contract from that declared upon, viz., to pay on request; and denies a present debt.” 1 Chitt. Prec., 204, m, and the authorities there cited.
"What, in correct language, may be said to amount to the general issue is, that for some reason specially stated, the contract does not exist in the form in which it is alleged, and, where that is the case, it is an argumentative denial of the contract, instead of being a direct denial; and which, according to the correct rule of pleading, is not allowed. Per Denman, C. J. in Hayselden v. Staff, cited in the text.