*Thomas J. Sample*, for the appellant.

*W. Brotherton*, for the appellee.

────────── ·•◦•· ──────────

## CRESSEY and Others *v.* WEBB.

On *January* 22, 1856, *A.*, by his agreement in writing, sold, and agreed to convey to *B.*, lot No. 70, in *Woods'* addition to the city of *Indianapolis*, for the sum of $800; $400 of the purchase money to be paid *March* 1, 1856, and the residue *March* 1, 1857; a deed to be made on the payment of the first installment of the purchase money, and the residue to be secured by a mortgage on the premises. The first payment was not made on *March* 1, 1856, nor was a deed then tendered. On *May* 2, however, *B.* paid $400, and the agreement was so far modified, as to extend the time of making the deed until *May* 2, 1857. *A.* and wife, at the same time, executed to *B.* a mortgage upon lot No. 71, in said addition, the separate property of the wife, to secure the payment of said sum of $400, so paid by *B.* on the purchase of lot 70. Cotemporaneously with the execution of said mortgage, *B.* executed a written agreement, reciting the making of the mortgage, and conditioned that the same should be void, on the conveyance of lot No. 70 to him, on or before *May* 2, 1857. Before the time last named, *A.* died intestate, without having conveyed said lot, leaving his widow and one child his heirs surviving. *B.* continued in the occupation of said lot No. 70, without having paid or tendered the balance due on the lot. Suit by an assignee of *B.* upon the mortgage, to recover the $400.

*Held*, that the mortgage and written instrument, being cotemporaneous, and having reference to the same subject matter, must be held to be one contract; and that the original agreement was not annulled by the new, but merely modified as to time of payment, and by securing the making of a conveyance by a mortgage on another lot.

*Held*, also, that the suit, though based upon a mortgage, was in fact a suit to recover purchase money, advanced upon a contract for the sale of real

estate, and the plaintiff could not recover, unless *B.* had placed himself in a position to rescind the contract; and this he had not done, as he still held possession of the premises, under the contract of sale.

APPEAL from the *Marion* Common Pleas.

DAVISON, J.—This was an action by the appellee, who was the plaintiff, against the appellants, to foreclose a mortgage on lot No. 71, in block No. 40, in *Woods'* addition to the city of *Indianapolis.* The mortgage bears date, *May* 2, 1856; was executed by *Sarah Bishop,* now *Sarah Cressey*—and her then husband, *John Bishop,* to one *Aaron W. Banghart,* to secure the payment of $400, with interest, on or before *May* 2, 1857, and was assigned by the mortgagee to *John Hoss,* who assigned it to the plaintiff. It is averred in the complaint, that on *November* 10, 1856, *John Bishop* died, leaving *Sarah Bishop,* his widow, and *Lewis Bishop,* his heir at law; that *Geo. Durham* was duly appointed administrator of the decedent's estate, and that *Sarah,* the widow of the deceased, is now intermarried with *William Cressey.* And further, it is averred that *Sarah* had, at the date of the mortgage, and still has, the legal title, in fee simple, to the mortgaged premises. Plaintiff demands judgment for $500, also a decree of foreclosure, &c., and an order to sell the lands described in the mortgage, for the payment of such judgment, &c.

The answer of *Sarah Cressey* contains a *general denial,* and three special defenses. To the 2d, 3d and 4th defenses, demurrers were sustained. *Geo. Durham,* administrator of the estate of *John Bishop,* also filed his answer, which, upon demurrer, was adjudged insufficient; and *Lewis Bishop,* being a minor, answered by his guardian *ad litem.* The issues were submitted to the Court, who, upon final hearing, rendered a judgment and decree in accordance with the prayer of the complaint. As the facts set forth in the second defense are mainly relied on, as an effective bar to the action, they alone will be noticed. They are these: On *June,* 22, 1856, *John Bishop,* the then husband of *Sarah Cressey,* and *Aaron W. Banghart,* the mortgagee, entered into an agreement, in writing, whereby he, *Bishop,* sold to *Banghart* lot No. 70, in block No. 40, in *Woods'* addition

to the city of *Indianapolis*, for $800; of which, $400 was to be paid on *March* 1, 1856, and the residue on *March* 1, 1857. Upon full payment of the first installment, *Bishop* was to make and deliver to *Banghart*, a deed in fee simple, and the residue of the purchase money was to be secured by a mortgage on the premises. Pursuant to the sale thus made, *Banghart* took possession of the property, but did not pay, or offer to pay, on *March* 1, 1856, as stipulated in the agreement; nor did *Bishop*, at that time, deliver or tender to him a deed for the premises. *Banghart* continued in such possession until *May* 2, 1856, when he paid on the agreement $400. At that date, the agreement was so modified as to extend the time of making said deed, to *May* 2, 1857, but in all other respects, it was to remain unaltered. And to secure the making of such deed, the mortgage in suit, was, at its date, made to *Banghart;* but, at the same time, he, *Banghart*, executed a written instrument, which is, in effect, as follows:

"Whereas, *Sarah Bishop*, and *John Bishop*, her husband, have this day executed to me a mortgage on lot No. 71, in block No. 40, in *Woods'* addition, &c., to secure the payment of $400, with interest, on the 2d of *May*, 1857. Now, if the said *Sarah* and *John Bishop* shall make, or cause to be made and delivered to me, a good and sufficient deed for lot No. 70, in block No. 40, in *Woods'* addition, &c., on or before the 2d of *May*, 1857, then I agree, and am bound, to deliver up said mortgage to be canceled. But, if the deed for lot No. 70 shall not be given, as above specified, then the right to foreclose said mortgage shall be complete, and this instrument is to be void, &c. And if said *Sarah* and *John Bishop* shall pay the $400, with interest, as in the mortgage specified, and fail to make the deed, as before stipulated, then they are to pay me the value of the improvements which I may make on said lot, now occupied by me, to be determined by disinterested persons."

"Dated May 2, 1856.    Signed, "AARON W. BANGHART."

It is averred that *Bishop* and his wife were not, nor was either of them indebted to *Banghart*, at the date of the

mortgage, $400, or any other sum; but that the money so paid to *Bishop*, was paid on account of the original agreement for the sale of lot No. 70. And further, it is averred that *Bishop*, prior to *March* 2, 1857, the day on which the deed for said lot was to be made, died intestate, leaving his wife and child, as in the complaint stated; and that *Banghart* did not at that date rescind the contract of sale, but still continues to hold the lot under and by virtue of said agreement; nor has he paid or offered to pay the balance of the purchase money.

The answer prays that *Banghart* be made a party, &c., and that the Court will appoint a commissioner, and direct him to make to the party entitled thereto a deed for the premises sold, &c.

These facts are admitted by the demurrer, and the question to settle is, are they sufficient to defeat a recovery on the mortgage? It must be conceded that the mortgage and written instrument, over the signature of *Banghart*, have relation to the same subject matter, and having been executed cotemporaneously, must be held as one contract. *Fellows* v. *Kress*, 5 Blackf. 536; Chitty on Cont. 40, note 1. And being thus construed, they have direct reference to the agreement for the sale of lot No. 70. The mortgage and written instrument do not, however, vacate the original agreement, but continue it in force, except so far as they extend the time of executing the deed, and secure the title by the pledge of another lot. That they were simply intended to modify, and not annul, the prior agreement of sale, may be noted from the fact that in them, nothing is said in relation to the payment of the second installment, due *March*, 1857. True, the written instrument and mortgage, when construed together, distinctly say that "If the deed for lot 70 shall not be made by *May* 2, 1857, then the right to foreclose the mortgage shall be complete." Still, the defendants have an interest, growing out of the transaction between the parties to the agreement, which they have a right to enforce. And it is believed to be the intention of the code, to allow such matters as are stated in the pleading in question, to be set up in defense; "so that the whole controversy between the parties may be settled in one action, and that either the

Nov. Term, 1861.

CRESSEY
v.
WEBB.

Nov. Term, plaintiff or defendant should have such relief as the nature
1861.     of the case requires." Van Santvoord's Pl., p. 546, *et seq.*

HOLCROFT     The suit in this case, though the demand upon which it is
v.      based is secured by mortgage, is really a suit to recover pur-
HALBERT.   chase money advanced upon a contract for the sale of real
estate; and the plaintiff obviously can not recover, unless
the vendee of the estate sold has placed himself in a position
to rescind the contract. This, it seems to us, he has not done,
because he still holds possession of the premises, under the
contract of sale. Evidently, "a party can not retain the sub-
ject of the contract, and refuse to pay for it." *Gaar* v.
*Lockridge*, 9 Ind. 96. Moreover, the vendee himself was in
default, in failing to pay, or tender, an installment of the pur-
chase money which fell due *March* 1, 1857, and prior to the
time agreed on for making the deed. But the contract of
sale still remains in force; has not been rescinded, nor has
any attempt to rescind it been made. The result is, the
plaintiff is not entitled to recover the purchase money
advanced. There are other points of error made by the
appellant, but the ground assumed in this opinion renders a
notice of them unimportant.

*Per Curiam.*—The judgment is reversed, with costs
Cause remanded, &c.

*W. Wallace* and *Benjamin Harrison*, for the appellants.
*D. McDonald* and *J. Milner*, for the appellee.