JOSEPH E. DAVIS et ux. *v.* LIZZIE HAMILTON, Adm'x, etc.

1. CHANCERY COURT — VENDOR'S LIEN. — H. sold to E. a tract of land in Hinds county, for $21,079.60, by installments, for which E. executed his several promissory notes.  H. executed a deed; the notes were described in the deed, and expressly made a lien on the land.  The deed was properly acknowledged and recorded.  Afterwards E. became indebted to H. in the further sum of $928.75, for a different consideration, and not secured by lien.  Upon this latter note H. sued, obtained judgment, had the land sold, and D. became the purchaser.  H. filed his bill on the notes against E. and D., to enforce the vendor's lien, and to subject the land to sale therefor.  *Held*, that neither judgment creditors nor purchasers at sheriff's sale, deriving rights by operation of law, are to be regarded as purchasers for a valuable consideration, but mere volunteers in contemplation of a court of equity.

2. SAME — SAME — EXPRESS LIEN — EQUITY OF REDEMPTION. — Where a lien on land conveyed is expressly reserved in the deed, which was duly recorded, it creates a clear equitable mortgage, of which every one is bound to take notice, and the purchaser of such land at sheriff's sale, will take nothing more than an equity of redemption, and take the land subject to the lien for the unpaid purchase money.  In this state the equity of redemption in property mortgaged or conveyed by deed of trust is not subject to sale under an execution at law, emanating from a judgment rendered for the debt secured by the mortgage or deed of trust.  Carpenter v. Bowen, 42 Miss., 52.  The equity of redemption is the excess of the value of the property conveyed over and above the debt secured by the mortgage, and the purchaser thereof stands in the shoes of the debtor, and takes the property subject to the incumbrance, which must be paid off and discharged in order to perfect the title to the same.

3. SAME — SAME. — Where a purchaser at execution sale suffers the land to be sold under a decree of foreclosure, he will only be entitled to what remains of the proceeds of the sale after the payment of the debt secured, and if there is no excess, he gets nothing; the maxim of *caveat emptor* applies.

APPEAL from the Chancery Court of Hinds County.    Hon. E. W. CABANISS, Chancellor.

The facts in the case are substantially stated in the opinion of the court.

*T. J. & F. A. R. Wharton,* for appellants :

If it was the intention of C. D. Hamilton to defraud whoever might become the purchaser of the lands under the execution sale in his favor, he thereby forfeited all right to enforce his lien as vendor of these lands as against such purchaser at the execution sale, and all right to the aid of a court of equity for any of the relief prayed for in the original bill.   This is fully sustained by the high court to the following effect :

Before a party can entitle himself to any aid from a court of equity, he must show that he had done equity, or offered to do it.

Courts of equity abhor frauds, and will not lend their aid to enforce a fraud, *even as between fraudulent actors.*

A complainant must come into a court of equity uncontaminated by fraud, and with clean hands, as such court will not grant relief to a party *when the facts of the case are even sufficient to cast a suspicion of fraud or unfairness upon his action.*

"It is a familiar principle of equity that a man shall not be allowed to avail himself of an unconscientious advantage acquired over his adversary."

"Every one who engages in a fraudulent scheme forfeits all right to protection, at law or in equity."

Courts of equity will not grant relief, where the equities between the parties are even equal.

Again, positive proof of fraud is not required to defeat a party, but circumstances which afford a strong presumption of fraud will be sufficient, *and courts of equity do not require the same amount of proof of fraud as is required by courts of law.*

Boyd v. Thornton, 13 S. & M., 338, on pp. 344–345; Sugg v. Thrasher, 30 Miss., 135, on p. 142 ; McLoskey v. Gorden, 26 ib., 260, on p. 273 ; Hogan *et al.* v. Burnet *et al.*, 37 ib., 617, on p. 631; Parkhurst v. McGraw, 24 ib., 134, on p. 136 ; 1 Story's Equity, § 190; Foxworth v. Bullock, 44 Miss., 458, on p. 465.

An estoppel, affecting the rights of a person in real estate, may be created by matter *in pais,* such as acts and declarations.

The owner of property will be estopped from setting up his title against a person who has become a purchaser of it by reason of his acts or representations; even if such were not the result of fraud, but only of his ignorance or folly.

In support of this position, we present the following authorities, to wit: Magee v. Mellon, 23 Miss. Rep., 585; Nixon's heirs v. Carco's heirs, 28 ib., 414, 430–1; Dickson *et al.* v. Green, 24 ib., 612, 618; John Heard v. Chas. Hull, 16 Pick., 457–462; Jackson *ex dem.* Ireland v. Hall, 10 Johns, 481; Whiting v. Dearing, 15 Pickering, 428; Shapley v. Rangely, 1 Woodsbery, 213; Kinny v. Farnsworth, 17 Conn., 355; Brown v. Wheeler, ib., 345; Davis v. Tingle, 8 B. Mon., Ky., 539; Upshaw *et ux.* v. Hargrove, 6 S. & M., 286, 291–2; Stroble v. Smith, 8 Watts, Pa., 280; Thompson v. Sanborn, 11 N. H., 201; Foxworth v. Bullock, 44 Miss., 457–465.

The acts, declarations and threats which induced Hamilton to pay the bid for the land, estop complainant from any relief against appellants, as would have done the acts of Hamilton, and especially so, if the latter assented thereto, or did not, when fully informed in these respects, object thereto: Wenans & January v. Lindsey, 1 How., Miss., 577–8; Clark v. Kingsland, 1 S. & M., 248, 256; Miller, use, etc., v. Scott, 2 ib., 81, bot. p. 82; Hiller v. Ivey, 37 Miss., 431–433; Miss. Cent. R. R. v. Whitehead, 41 Miss., 225–8.

The receipt of the money with knowledge of the fact that it was paid after return day, and the delivery of the deed by the sheriff, and the notice by Hamilton, estop the appellant from objecting to such payment or to the validity of the deed of the sheriff; and, as to having such payment and deed, are as valid as if made on the day of the execution sale. See authority cited, *supra*, McFarland v. Wilson, 2 S. & M., 269–284; Crane v. Bedwell, 25 Miss., 507, 511–12; Harson v. Field, 41; ib., 712, 715–16.

A court of equity will not permit the same party to have double satisfaction out of the same property, under different liens

held by him, *unless* at the sale under the junior lien express notice be given of the superior or senior one, and that the sale under the junior one is to be subordinate to his right to sell, under such senior lien, especially when the property is sold under the junior lien for its value, and as though there was no other lien upon it, and without notice of such superior lien. Boon v. Barnes, 23 Miss., 136, 138–140.

A fee simple in lands passes by a sheriff's deed, unless a less estate be specially advertised, and sold by him. Doe *ex dem.* Cocke v. Lane, 3 S. & M., 763–779; Jackson v. Hall, *supra*, 10 Johns., 492.

Appellant should have returned the money paid, to claim relief. Trotter v. White, 26 Miss., 88, 89; Grant v. Floyd *et al.*, 12 S. & M., 191, 222; Harson v. Field, 41 Miss., 712–716.

*John Shelton,* for appellee, filed an elaborate brief, too lengthy for insertion, and made the following points and references:

1. The answer of Davis waived the demurrer to the bill of complaint. See Story's Eq. Pl., sec. 442; Robinson v. Francis's adm's, 7 How., 458; Baine v. McGee, 1 S. & M., 208; Fall v. Hafter, 40 Miss., 606; Pieri v. Shieldsboro, 42 ib., 493.

2. If not so waived, the demurrer was at any rate properly overruled. See Nailor v. Fisk, 27 Miss., 256; 1 Lomax on Real Estate, 392; 4 Kent's Com., 179, etc.; Kilcrease v. Sum and wife, 36 Miss., 569; Stewart v. Ives, 1 S. & M., 197; Upshaw v. Hargrove, 6 ib., 291: Stratton v. Gold, 40 Miss., 778, etc.; Harvey v. Kelly, 41 ib., 490, etc.; Code of 1857, 310, sec. 24; 4 Kent's Com., 174; 2 Kent's Com., 630; Bank U. S. v. Davis, 2 Hill, 451, etc.; 14 Vesey, 273; Sugden on Vendors, 534; Ireland v. Hall, 10 Johns., 480; Planters' Bank v. Scott, 5 How., 246; Anderson v. Carlisle, 7 ib., 408; Wood v. Robinson, 3 S. & M., 271; McFarland v. Wilson, 2 ib., 269; Lehr v. Rogers, 3 ib., 468; Crane v. Bedwell, 25 Miss., 507.

3. The testimony of J. E. Davis, one of the respondents, is not to be governed by the rules applicable to that of a disinterested

witness. See art. 190, on page 570 of Code of 1857; Wolfe v. South Ex. Co., 41 Miss., 79.

4. The special lien, reserved in words in the very body of the deed from Hamilton and wife to Evans, is equivalent to a mortgage, and notice, when filed for record, to all the world. See Code of 1858, art. 23, 310; Kent's Com., vol. 4, 174, etc.; Stratton v. Gold, 40 Miss., 778, etc; Harvey v. Kelly, 41 ib., 490, etc.

5. If the lien once existed, its continuance was to be presumed till it was shown to have been discharged or satisfied, or the remedy to enforce it barred by lapse of time. See Stewart v. Ives, 1 S. & M., 197; Upshow v. Hargrove, 6 ib., 291; Hill v. Boyland, 40 Miss., 618, etc.

6. The respondent, J. E. Davis, had actual notice of the lien, and his wife and corespondent is bound by all the acts, knowledge and purposes of her husband and agent. See 1 Loman on Real Estate, 392; 4 Kent's Com., 179, etc.; Nailor v. Fisk, 27 Miss., 256; Kilcrease v. Lum and wife, 36 ib., 569; 2 Kent's Com.. 630, etc.; 2 Tucker's Com., 447; Bank U. S., 2 Hill, 451, etc.; 14 Vesey, 273; Sugden on Vendors, 46; Munn v. Commission Co., 15 Johns., 44; Central Railroad v. Whitehead, 41 Miss., 225.

7. The power of an attorney-at-law to bind his client is confined to the very cases in which he held that relation. See 1 Greenleaf on Evidence, sec. 186; 2 Phillips on Evidence, 181; 2 Starkie on Evidence, 135, etc.; Head & Davis v. Gervois & Morse, Walk., 431; Wenans & January v. Lindsey, 1 How., 577; Clark & Co. v. Kingsland, 1 S. & M., 248; Brewer v. Harris, 2 ib., 84; Gasquet, Parish & Co. v. Warren, 2 ib., 514; Garvin et al. v. Lowry, 7 ib., 24; Hiller v. Ivey, use, etc., 37 Miss., 431.

8. A purchaser of land at sheriff's sale only acquires such title as was, at the time, vested in the defendant in execution, and subject to all the equities to which it was liable in his hands. See 2 Story's Eq. Jur., sec. 1217, etc.; 1 ib., note to sec. 411; 4 Kent's Com., 153; Code of 1857, art. 26, 311; Upshaw v. Hargrove, 6

S. & M., 286; Kilpatrick v. Kilpatrick, 23 Miss., 124; Kelly v. Mills, 41 ib., 267; Jackson v. Hall, 10 Johns., 480.

9. A sheriff has no power or authority to receive money, or to make a deed, after the return day of an execution under which land has been sold. See Planters' Bank v. Scott, 5 How., 246; Anderson v. Carlisle, 7 ib., 403; McFarland v. Wilson, 2 S. & M., 269; Wood v. Robinson, 3 ib., 271; Lehr v. Rogers, 3 ib., 468; Crane v. Bedwell, 25 Miss., 507.

10. There was no need that Hamilton, with his bill of complaint, should have tendered back to Davis and wife the amount bid for the land and paid to the sheriff. See Grant v. Lloyd, 12 S. & M., 191, etc.; Trotter v. White, 14 ib., 33; Fonblanque's Equity, top pages 43, 128 and note*; 1 Story's Eq. Jur., sec. 640.

11. The doctrine of estoppel has no application to this case. See 1 Greenleaf on Evidence, sec. 206, etc.; 1 Starkie on Evidence, 304, etc.; 2 Phillips on Evidence, 200, etc.; Dickson v. Green, 24 Miss., 618; Nixon v. Carco, 28 ib., 431; Wendell v. VanRenssalaer, 1 Johns. Ch., 153; Jackson v. Hall, 10 ib., 480.

12. The letter of Hamilton to Davis, containing an offer of compromise, which was never accepted or acted on in any way, was not binding on the former, nor is it binding on his administratrix, the appellee here. See 1 Greenleaf on Evidence, sec. 122 and notes; 2 Phillips on Evidence, note 196, 218; Laurence v. Hopkins, 13 Johns., 288; and the numerous cases cited by Greenleaf and Phillips, in the sections and on the pages just cited.

PEYTON, C. J., delivered the opinion of the court:

This is an appeal from a decree of the chancery court of Hinds county, subjecting certain lands in said county to the payment of the consideration money under a lien reserved in the deed of conveyance. The facts of the case are substantially as follows: On the 22d day of May, 1860, one Charles D. Hamilton sold and conveyed to John Evans a certain tract of land situated as above stated in said county of Hinds for the sum of $21,079.60, and to

secure the payment of the purchase money, the said Evans executed and delivered to said Hamilton his four promissory notes, bearing even date with the deed of conveyance of said land; the first for $10,539.80, payable on the 1st day of January, 1861; the second for $3,513.27, payable on the 1st day of January, 1862; the third and fourth for like sums, payable on the 1st day of January in 1863 and 1864. These notes are described in the deed of conveyance, and therein expressly made a lien upon the lands thereby conveyed. The deed was duly acknowledged and filed in the proper office of said county for record on the 20th day of June, 1860, and recorded on the 25th day of the same month.

On the 25th day of March, 1861, the said John Evans, for a different consideration, made and delivered to the said Charles D. Hamilton his certain other promissory note for the sum of $928.75, payable on the 1st day of January, 1862. Upon this note the said Hamilton obtained a judgment at the November term, 1866, of the circuit court of Hinds county, against the said Evans, for the sum of $1,476. Upon this judgment an execution was issued and levied upon the land conveyed as aforesaid, which was struck off at the sheriff's sale to Joseph E. Davis, in the name and behalf of his wife, Amanda E. Davis, as her agent, at the sum of $910, on the first Monday of June, 1867, being the return day of said execution. This bid the said Amanda E. Davis, by her said agent, declined to pay, on the ground that the land was subject to the vendor's lien for the unpaid purchase money. After the return of the execution, on the 16th day of August, 1867, the amount of said bid was paid by the said Joseph E. Davis for his wife, to the sheriff, who then executed to Mrs. Davis a deed for said land.

The notes given for said land remaining unpaid, the said Charles D. Hamilton filed his llill in the chancery court of the said county of Hinds, in 1867, against the said John Evans, Joseph E. Davis and Amanda E. Davis, to enforce the lien expressly reserved in his deed, and to subject the land to the payment of the unpaid purchase money, praying that unless the amount found to be due,

the complainant be paid by a short day, the said land may be decreed to be sold to pay the same, or so much as may be necessary for that purpose.

To the bill of complaint the defendants, Davis and wife, demurred, and the demurrer was overruled by the court, and leave to answer was granted to said defendants, who answered and made their answer a cross bill, praying that the complainant may be forever barred and precluded from enforcing his vendor's lien as prayed for in his bill, and that the same may be dismissed.

The death of said complainant, Hamilton, having been suggested, the suit was revived in the name of Lizzie Hamilton as administratrix of his estate, who in her answer to the cross bill denies all knowledge of the facts therein stated, and prays for the enforcement of the lien, as sought in the prayer of the original bill.

John Evans having failed to answer the bill, a *pro confesso* was taken as to him, and the cause having been heard on the bill, *pro confesso*, cross bill, answers, exhibits and testimony, the court decreed that unless the sum of money due the complainant for the unpaid purchase money on said land, be paid within thirty days from the date of the decree, the land be sold, and out of the proceeds of the sale, that the sum paid by Amanda E. Davis on the purchase of said land at the sheriff's sale, with interest thereon at the rate of ten per cent. per annum from the time of payment to the sheriff, until payment to her, be first paid to her, and that the balance of the proceeds of said sale be applied to the payment of the amount found due to the complainant, or so much thereof as may be necessary to satisfy the same, and costs of suit, and that the conveyance of said land made by the sheriff to said Amanda E. Davis, on the 16th day of August, 1867, shall be and stand *from the time of such payment*, annulled and held for naught. And hence the cause comes to this court on the part of the defendants, Joseph E. Davis and Amanda E., his wife, who assign for error:

1. That the court below erred in overruling the demurrer of Davis and wife to the bill of complaint.

2. That the court below erred on final hearing in granting any relief to complainant.

3. That the court below erred in decreeing the sheriff's deed to Mrs. Davis, one of the appellants, to be annulled and held for naught upon the contingency therein stated.

In support of the first assignment of error the counsel for the appellants insist that the bill of complaint was fatally defective in not averring that Mrs. Davis had notice of the vendor's lien previous to her purchase under the execution. This objection to the bill would have been good, had Mrs. Davis been a *bona fide* purchaser. But it has been held by our predecessors in the case of Kelly v. Mills, 41 Miss., 280, that neither judgment creditors nor purchasers at sheriff's sale, deriving rights by operation of law, are to be regarded as purchasers for a valuable consideration, but as *mere volunteers* in contemplation of a court of equity. There was no error, therefore, in overruling the demurrer.

The second assignment of error calls in question the right of the vendor to enforce his lien upon the land conveyed to Evans for the unpaid purchase money. Even had there been no express lien reserved in the deed of conveyance to Evans, Mrs. Davis would have been a purchaser of the land subject to the implied lien for the purchase money. If this be so, *a multo fortiori*, must the express lien reserved in the deed, which fixes Mrs. Davis with notice, prevail against her claim derived through the sheriff's deed. The lien upon the land conveyed being expressly reserved in the deed, which was duly recorded, was clearly an equitable mortgage, of which every one is bound to take notice. Stratton v. Gold, 40 Miss., 781. Mrs. Davis bought nothing at the sheriff's sale but an equity of redemption. She took the land, subject to the lien, for the unpaid purchase money. And Hamilton had an undoubted right to enforce his lien in a court of equity by subjecting the lands to the payment of the purchase money. Hamilton had a perfect right to sue in a court of law upon the note not secured by any lien on the land, before he filed his bill to enforce

the lien on the land conveyed for the payment of the notes secured, and his having done so is no fraud on Mrs. Davis, nor does it furnish any ground to infer fraud.

The case of Jackson v. Hall, 10 John., 481, so much relied on by counsel on both sides of this case, so far as it authorizes a creditor, whose debt is secured by mortgage, to purchase the mortgage property under an execution emanating from a judgment at law, upon the debt thus secured, is not recognized as good law in this state. In this state the equity of redemption in property, mortgaged or conveyed by deed of trust, is not subject to sale under an execution at law, emanating from a judgment rendered for the debt secured by the mortgage or deed of trust. Carpenter v. Bowen, 42 Miss., 52.

We think there is no error in the decree of the court so far as it directs the sale of the land for the payment of the unpaid purchase money and interest.

With respect to the third assignment of error, the counsel for the plaintiffs in error contend that Mrs. Davis had a right to retain her deed and redeem the land by paying the purchase money. This would have been so had she perfected her purchase by paying her bid and taking a deed from the sheriff before the expiration of the return day of the execution. In that event she would have been a purchaser of the equity of redemption, and have taken the land subject to the lien, with the right to redeem, and would hold the property under the sheriff's deed. The equity of redemption is the excess of the value of the property conveyed, over and and above the debt secured by the mortgage, and the purchaser thereof stands in the shoes of the debtor, and takes the property subject to the incumbrance, which must be paid off and discharged, in order to perfect the title to the same. And had Mrs. Davis, as a purchaser at the sheriff's sale, suffered the land to be sold under a decree of foreclosure, she would only have been entitled to what remained of the proceeds of the sale after the payment of the debt secured, and if there was no excess, she got nothing. *Caveat emptor* is a maxim applicable to all judicial sales.

Syllabus.

Whether Mrs. Davis acquired any title under the sheriff's deed, is a question which we deem it unnecessary in this case to decide. It seems to be conceded, on both sides, that the land is not worth the amount of money remaining due as an incumbrance, upon it, and therefore there could be no excess upon the sale under the decree. But if Mrs. Davis acquired no title under the sheriff's deed, the money paid by her to the sheriff, which was received by Hamilton's attorney at law, and applied to the payment of his debt, created a lien in equity on the land in her favor for reimbursement, even had she acquired a title to the property by the sheriff's deed, and therefore been entitled to redeem. It will be seen by reference to the decree that she is not deprived of that right. The decree gives thirty days for redemption, and that the deed to Mrs. Davis shall be annulled only *from the time of the reimbursement* to her of the money received by the sheriff, and appropriated as aforesaid to Hamilton's use.

The decree in any aspect of the case in which it can be viewed is most favorable to Mrs. Davis, and if there be any error, it is such as she has no right to complain of.

The decree will be affirmed.