Filed Dec. 12, 1883.

---

No. 10,014.

LUCAS v. HENDRIX ET AL.

MORTGAGE.—*Deed.*—*Condition Subsequent.*—A warranty deed in the form given by statute, which also provides that upon the payment of a sum of money to the grantor, the grantee shall be seized in fee simple, and that payment with interest may be compelled by suit, creates an equitable mortgage in favor of the grantor, and not a condition subsequent.

SAME.—*Pleading.*—To a complaint against the heirs and devisees of lands upon a mortgage for the purchase-money, an answer that the defendants held a mortgage given by their ancestor, the purchaser, upon the same lands, or held a sheriff's certificate of sale upon foreclosure of such a mortgage, is no bar.

:SAME.—*Contemporaneous Agreement.*—To a complaint to foreclose a mortgage, an answer showing a contemporaneous written contract of the parties, to the effect that the debt should be payable only upon the occurrence of an event which never happened, is good on demurrer.

:COMPLAINT.—*Prayer.*—An improper prayer does not subject a complaint to demurrer, but if the facts stated entitle the plaintiff to any relief whatever the demurrer should be overruled.

From the Huntington Circuit Court.

*W. H. Trammel,* for appellant.

*L. P. Milligan,* for appellees.

HAMMOND, J.—Complaint by the appellant against the appellees, as heirs and devisees of Isaac Hendrix, deceased, to review a judgment rendered in the court below in favor of said decedent in his lifetime, against the appellant and others.

The grounds for review, as claimed in the appellant's complaint, are that the complaint of Isaac Hendrix in the former action did not state facts sufficient to constitute a cause of action; that the court erred in sustaining the demurrer of said Isaac Hendrix to the 2d, 3d and 4th paragraphs of the appellant's answer to said complaint, and erred in rendering judgment against the appellant in the former case for costs.

A demurrer for the want of facts, etc., was sustained to the appellant's complaint for review, and this ruling is the only error assigned in this court.

In the case sought to be reviewed, Isaac Hendrix was plaintiff. Benjamin F. Hendrix and his wife and the appellant were defendants. The complaint in that case was based upon a deed executed July 19th, 1873, by Isaac Hendrix to Benjamin F. Hendrix. After the preliminary averments as to the execution of the deed, the complaint stated the plaintiff's cause of action as follows:

" Which conveyance was made upon a condition subsequent to this, to wit: The said Benjamin F. Hendrix agreed to pay to the plaintiff five annual payments of $440, to be paid at the end of each year, and on failure to pay the said several sums at the end of each year, then the whole sum of

$4,400 was to become due and collectible, with ten per cent. interest and attorneys' fees, which plaintiff avers were reasonably worth $200, and the plaintiff avers that he demanded each and every payment as aforesaid, but that the said Benjamin F. Hendrix wholly failed and neglected to pay the said several sums, or any of the same, or any part thereof, and suffered himself to become wholly insolvent and unable to pay any part of said sum of money; wherefore plaintiff says that there is a breach of the conditions. And plaintiff avers that afterward, to wit, on the 20th day of July, 1876, he entered upon said premises and took possession of the same and holds the same, a copy of which conveyance is filed herewith, and the plaintiff avers that the said Frances Hendrix is the lawful wife of said Benjamin F. Hendrix. The plaintiff further avers that Thomas L. Lucas claims to have some interest in said land, and is máde a defendant to answer to his interest, and on final hearing of this cause the plaintiff prays that said deed be cancelled and the title to said lands quieted in the plaintiff and all other relief to which plaintiff is entitled in the premises."

A copy of the deed was filed with the complaint. It was a warranty deed in the statutory form, the consideration expressed therein being $4,400. The reservation or conditions set out in the deed, following the description of the real estate, were as follows:

" This conveyance is made subject to the following conditions, to wit: The grantor retains an interest of $440 per annum for the term of five years, which it is stipulated the grantee shall pay to said grantor, and in case of failure of the annual payment of said sum at the end of each year for the period of five years and five annual payments, then the said sum is to become due, and payment may be enforced for said sum, or as much thereof as may be due, in any court of competent jurisdiction, with interest at ten per cent. and attorney's fees; and upon making of said five payments aforesaid of $440 each, then the grantee is to become the owner in fee of the above

described premises, and the consideration mentioned in this deed, to wit, $4,400, is to be taken, counted, and considered as an advancement on the part of the said Isaac Hendrix to the said Benjamin F. Hendrix, and to be reckoned in the final settlement of his, Isaac Hendrix's, estate."

As the complaint averred that the grantor Isaac Hendrix, at the time of the execution of the deed, owned the land in fee simple, we are of opinion that the allegation " that Thomas L. Lucas claims some interest in said land and is made a defendant to answer to his interest," shows sufficiently that Lucas' interest, whatever it may have been, was subordinate to the rights of the said grantor.

The reservation in the deed is not a condition subsequent; in legal effect it is simply a mortgage. In *Carr* v. *Holbrook,* 1 Mo. 240, it was held that a deed made for lands, to be absolute on the payment of certain notes, but in default of payment to be void, was to be considered a mortgage. *Pugh* v. *Holt,* 27 Miss. 461, decides in the same way. Jones, in his work on Mortgages, vol. 1, sections 228–9, says:

" 228. An express reservation in a deed of a lien upon the land conveyed creates an equitable mortgage, and when the deed is recorded every one is bound to take notice of the incumbrance. * * * A stipulation in a deed, that the titles shall not vest in the grantee until the purchase-money is paid, amounts in equity to a mortgage. So does a deed providing that it shall be absolute on the payment of certain notes, but in default of payment shall be void.

" 229. A lien reserved is a lien by contract. A lien for the purchase-money expressly reserved by a vendor in his deed of conveyance is a lien created by contract, and not by implication of law. * * * It is really a mortgage. * * * It is governed by the same rules that a mortgage is. It passes by an assignment of the notes secured by it. It is foreclosed as a mortgage; and there is the same right of redemption for a limited period after a foreclosure sale. ' The reservation of the vendors' lien in the deed of conveyance,' says Mr. Jus-

tice BRADLEY, of the Supreme Court of the United States, 'is equal to a mortgage taken for the purchase-money contemporaneously with the deed, and nothing more. The purchaser has the equity of redemption precisely as if he had received a deed and given a mortgage for the purchase-money.' The legal title passes to the purchaser subject to the lien, and the land is subject to attachment and execution as his property just as an equity of redemption is."

The law as thus announced is in harmony with the decisions of this court. *Davis* v. *Stonestreet,* 4 Ind. 101 ; *Heath* v. *Williams,* 30 Ind. 495.

But regarding the reservation in the deed as amounting only to a mortgage, we are of the opinion that the complaint in the former case contained every necessary averment to authorize its foreclosure. It is true that the prayer of the complaint was not for a foreclosure, but for a cancellation of the deed. But it is well settled that the prayer for relief is only a matter of form, and where the facts stated entitle the party to any remedy, a complaint will be held good on demurrer without reference to the demand for relief. A defective or improper prayer for relief is not reached by demurrer, but by motion to strike out or to make more specific. *Lowry* v. *Dutton,* 28 Ind. 473 ; *Goodall* v. *Mopley,* 45 Ind. 355 ; *Baker* v. *Armstrong,* 57 Ind. 189 ; 1 Works Pr., section 224.

We think that the complaint in the former case was good, especially as against an objection coming for the first time in a bill for review. We are now to consider whether any paragraph of the appellant's answer to that complaint was sufficient. The purport of the second and third paragraphs of the appellant's answer is thus stated in the brief of his counsel:

"Appellant's second paragraph of answer set up a note executed by Benjamin F. Hendrix, secured by a mortgage on said real estate in controversy executed by said Benjamin F. Hendrix and his wife Frances M. Hendrix, and asks judgment on said note and foreclosure of said mortgage. Appellant's third paragraph of answer sets up that he is the assignee of a sher-

iff's certificate of purchase of said real estate in controversy, which was sold on a judgment rendered against said Benjamin F. Hendrix, and asks that his interest as such be protected by declaring the same to be a lien upon said real estate."

It is manifest that neither paragraph was sufficient as an answer to the complaint of Isaac Hendrix to foreclose the lien, which, as we have seen, was equivalent to a mortgage, reserved in his deed to Benjamin F. Hendrix. That lien was necessarily paramount to any lien of a mortgage subsequently executed by Benjamin F. Hendrix, and also paramount to any claim that could have been acquired against the land by its sale under execution on a judgment rendered against said Benjamin. We are considering the above paragraphs of answer, not as to whether they were good as a cross complaint against Benjamin, but as to whether they were sufficient as an answer to the complaint of Isaac. So far as they assumed to perform the latter office, the demurrer to them was properly sustained.

The fourth paragraph of the appellant's answer, in the reviewed case, alleged, in substance, that the land in controversy was conveyed by Isaac Hendrix to Benjamin F. Hendrix, a son of said Isaac, as an advancement, and was to be so charged against said Benjamin in said Isaac's estate; that said Benjamin, at the time of the conveyance, and as a part of the same transaction, receipted to said Isaac for the sum of $4,400, with an agreement contained in the receipt to the effect that the condition contained in the deed, as to said Benjamin paying said Isaac $440 per annum for five years, was inserted therein for the sole purpose of securing to said Isaac an income and means of support and livelihood should he at any time during his life, through misfortune or otherwise, lose his property or become in needy circumstances, or be in want of the means of support, in which case, and under no other circumstances, said Benjamin was to pay said Isaac the sum of ten per centum annually for a term not exceeding five years, upon the sum of $4,400, being the amount of said advancement; but should the said Isaac be and remain in easy and affluent

circumstances, and not need or be in want of said sum or any part thereof for his support and livelihood, then and in that case, said Isaac should make no demand for the said sum or any part of it, and said Benjamin should be absolved and released from the payment thereof. The answer then averred that said Isaac had never, after executing said deed, been in needy circumstances, or in need or want of the means of support or livelihood, but was at the time of the execution of the deed, and had so remained since, in easy and affluent circumstances, possessing ample means of support, and had not been at any time in want of said sum so stipulated to be paid him, on the conditions aforesaid, and that no demand therefor had been made before bringing suit. A copy of the alleged agreement was not filed with the answer for the reason, as stated therein, that it was in the possession of said Isaac. The answer then sets up the appellant's note and mortgage, and his claim to the land under purchase at sheriff's sale as set out in the second and third paragraphs of his answer above considered.

We think the fourth paragraph of the answer was good. Where several instruments of writing are executed at the same time in relation to the same subject-matter, and based upon the same consideration, they should be construed together as one contract. *Fellows* v. *Kress*, 5 Blackf. 536; *Thomas* v. *Page*, 6 Blackf. 78; *Woodward* v. *Mathews*, 15 Ind. 339; *Cressey* v. *Webb*, 17 Ind. 14; *Cincinnati, etc., R. R. Co.* v. *Pearce*, 28 Ind. 502.

By the deed from Isaac to Benjamin and its acceptance, the latter obligated himself to pay the former $440 each year for five years; but by the receipt from Benjamin to Isaac, by which the latter became bound by its acceptance, it was shown that the conveyance was intended as an advancement, and that the annual payments provided for therein, were not to be made or required to be made unless the necessitous circumstances of Isaac, during his life, should require such payments for his support.

The answer shows that the contingency on which the pay-

ments depended, had never arisen, and that, as a consequence, there was nothing due Isaac at the time of his suit. Benja-min could have availed himself of this defence had he chosen to do so, and no good reason occurs to us why one who had acquired rights in the land under him, and who was made a party and challenged to bring forward his claims, might not also interpose the same matter as a bar to the action against him. *Peabody* v. *Peabody,* 59 Ind. 556.

The court in the reviewed case erred in sustaining the demurrer of Isaac Hendrix, the plaintiff therein, to the fourth paragraph of the appellant's answer to said complaint. This error being properly shown by the appellant's complaint for review, such complaint is sufficient, and the demurrer thereto was erroneously sustained.

Judgment reversed at the appellees' costs, with instructions to the court below to overrule the appellees' demurrer to the appellant's complaint and for further proceedings in accordance with this opinion.

Filed Dec. 12, 1883.