Bever *v.* Bever.

No. 17,494.

BEVER *v.* BEVER.

EVIDENCE.—*Parol.*—*Deed.*—*Reservation of Life Estate as Security for Contract of Maintenance.*—A reservation of a life estate in a deed may be shown by parol evidence to have been intended merely as security for the performance of the agreement by the grantee to support the grantors during their lives.

From the Fountain Circuit Court.

*V. E. Livengood* and *Livengood & Livengood*, and *Clodfelter & Thompson*, for appellant.

*Nebeker & Simms* and *J. W. Newlin*, for appellee.

MONKS, J.—This action was brought by appellant against appellee. The complaint is in two paragraphs, the first of which was to recover possession of real estate, with damage for its detention, and the second to quiet title thereto in appellant during her life.

Appellee filed a general denial, and the cause was tried by a jury, and a special verdict returned, upon which, over a motion by appellant for a judgment in her favor, and over a motion for a new trial, judgment was rendered in favor of appellee, to which appellant excepted.

The special verdict, so far as necessary to determine the questions presented on this appeal, was as follows:

"On the 6th day of August, 1890, Henry Bever, senior, was the sole owner in fee simple of the real estate in controversy; appellant was his wife and appellee his son; Henry Bever, senior, was old and feeble, about 78 years old, and was desirous of mak-

ing a division and distribution of his estate; he had six children, including appellee. He had made no advancement to appellee or his daughter, Mary, but had advanced to each of his other children large sums of money. Said Bever, senior, was indebted to appellee in the sum of $2,400 for work and labor. On August the 6th, 1894, Henry Bever, senior, sold said real estate to appellee for $11,200; that as a payment on the purchase-money $2,200 as an advancement, and $2,400 for said indebtedness was allowed. Bever, senior, to equalize all his children with the $2,200 advanced in said land to appellee, executed his notes, secured by mortgage on said real estate, payable to his said children, amounting in all to $3,439.50, which appellee assumed and agreed to pay as a part of the purchase-money for said real estate, and also agreed to pay $1,200 cash to said Mary Bever, thereby making her advancement with the note executed to her $2,200. It was further agreed, as a part of said purchase price of said real estate, that appellee should support said, Henry Bever, senior, and his wife, the appellant, so long as either of them should live, and it was further agreed as a part of said sale and purchase that said Bever, senior, and his wife should occupy and have the use of the residence on said premises. On August 6th said Henry Bever, senior, and appellant, his wife, executed to appellee a warranty deed, conveying said real estate to him in fee simple, except that after the granting clause in said deed, and after a description of the premises, there was inserted the following, to-wit:

" The grantors herein except and expressly reserve from this grant a life estate into and upon all said real estate in favor of said Henry Bever and Mary Bever, and the said Henry Bever and Mary Bever hold, retain and reserve a life estate during their

natural lives in their favor upon all said real estate and out of the same."

The provision contained in said deed, excepting and reserving a life estate, was inserted, and such life estate was reserved by said grantors solely for the purpose and with the understanding and agreement that the same was to secure the grantors in the possession of said residence, and to secure the performance by appellee of his agreement to support the said grantors; and it was further agreed at the said time, by and between said grantors and said grantee, that the whole estate in fee simple, including said life estate, should pass and be transferred to said grantee, except that the legal title to the real estate mentioned in said deed should remain in said grantors as security, as aforesaid; and it was further agreed by and between said grantors and grantee that the possession of said premises, except the residence, be turned over and surrendered to said appellee, the grantee, and should continue in his possession unless he should fail to perform said agreement, and that he should have the use, proceeds, rents and profits of said real estate during the lifetime of said grantors so long as he should perform his contract without the payment of any rent.

On the 6th of August, the grantors placed appellee in full possession of said real estate, except said residence, and appellee immediately took possession, and has ever since said time remained in and now is in exclusive possession of said premises, and is using the same for farming purposes.

In the fall of 1890, appellee placed upon said premises a house of the cost and value of $1,000, and made other lasting and valuable improvements, all with the consent and knowledge of the grantors and at his own expense.

Appellee has, from the date of said deed, paid all the taxes on said real estate, including the taxes due in the spring of 1894. The grantors have never paid or offered to pay the same to him. Henry Bever, senior, died May 18, 1893. From the date of said deed appellee furnished reasonable support to grantors, and gave them all the support that they or either of them required of him, and ever since the death of his father, appellee has furnished appellant reasonable support, and has furnished to her all the support she required or requested. Since November, 1893, and ever since the commencement of this action, appellee has furnished to the appellant, and she has received from him, her support, including groceries, provisions, money and clothing, firewood, and such other articles as she needed, and ever since the death of her husband, and up to the time of this trial, the plaintiff has called upon the appellee for her support, and the same has been furnished by appellee to appellant, and has been received by her under and in pursuance of said agreement by appellee to support said grantors during their lives.

Appellee has at all times been ready and willing to perform his said contract so made with Henry Bever, senior, and has kept and performed the same. The house, which was on said real estate at the date of said deed, has ever since been occupied by the grantors.

In November, 1893, appellant, by one Pursely, her son-in-law and agent, ordered appellee to quit the possession of said premises, which he refused to do, upon the ground that he was the owner thereof. Afterwards appellant consented that appellee remain in possession of said real estate, and directed him to put in a crop, which he did."

Appellant insists that the court erred in rendering

judgment on the special verdict in favor of appellee; "that the deed reserved her a life estate, and the parol agreement set out in the special verdict, and made before or cotemporaneous with the execution of the deed, cannot enlarge, dimish or vary the terms of the deed, or render inoperative and defeat the terms of this life estate; that such findings contradicting the terms of the reservation in the deed should have been disregarded and judgment rendered for appellant."

It is the general rule that in the absence of fraud or mistake parol agreements made before or cotemporaneously with a written contract cannot be given in evidence to contradict, vary or modify the writing. *Coy* v. *Stucker*, 13 Ind. 161; *Hostetter* v. *Auman*, 119 Ind. 7.

In *Phillbrook* v. *Emswiler*, 92 Ind. 590, this court approved the rule in this language: "Nothing is better settled than that where two parties have entered into a written contract, all previous negotiations and propositions in relation to such contract, whether parol or written, are to be regarded as merged in the final agreement. *King* v. *Enterprise Ins. Co.*, 45 Ind. 43."

It has also been held by this court that by the execution of a deed the preliminary contract is executed, and any inconsistencies between its original terms and those in the deed are to be explained and settled by the deed alone. *Phillbrook* v. *Emswiler, supra; Cole* v. *Gray*, 139 Ind. 396.

A deed, however, as a general rule, does not state the entire contract, and such is not the purpose of its execution.    It is the evidence of the consummation of a part of some contract previously made.    It is not the purpose of a deed to state how, when or in what man-

ner the consideration shall be paid. *Davis* v. *Hopkins,* (Col.) 32 Pac. Rep. 70; *Trayer* v. *Reeder,* 45 Ia. 273.

It is also settled law that the real consideration of a deed may be shown by parol evidence, although it be different from the consideration stated in the deed. *Hays* v. *Peck,* 107 Ind. 389.

Under a deed of general warranty, it may be proven by parol evidence that the grantee assumed and agreed to pay any lien or incumbrance as a part of the consideration, when the same is not mentioned in the deed. *Carver* v. *Louthain,* 38 Ind. 530; *McDill* v. *Gunn,* 43 Ind. 315.

It is equally well settled that a deed, absolute on its face, may be shown by parol evidence to have been executed only as a mortgage. *Ashton* v. *Shepherd,* 120 Ind. 69; *Tuttle* v. *Churchman,* 74 Ind. 311; *Crane* v. *Buchanan,* 29 Ind. 570; *Chase's case,* 17 Am. Dec., note on page 300; 4 Am. St. Rep., note on page 707; Stewart Mortgages, section 38.

This court said in *Hanlon* v. *Doherty,* 106 Ind. 37: "It is a familiar rule of equity, that a deed, although absolute on its face, is nothing more than a mortgage when executed to secure an existing debt; no matter what form a transaction may assume, if it appears that the instrument was executed to secure a subsisting debt, it will be adjudged to be a mortgage." 4 Am. St. Rep., note, pages 697-708. The grantor may, in the deed, by express reservation, create an equitable mortgage to secure the unpaid purchase money, whether payable in money or otherwise; the reservation of such lien is equivalent to a mortgage taken cotemporaneously with the deed, and gives the purchaser the right of redemption. *Lucas* v. *Hendrix,* 92 Ind. 54, and cases cited; *Harvey* v. *Kelly,* 41 Miss. 490, 93 Am. Dec. 267; *Davis* v. *Hamilton,* 50 Miss.

213; *Moore* v. *Lackey*, 53 Miss. 85; *Deason* v. *Taylor*, 53 Miss. 697, 700; *Heist* v. *Baker*, 49 Penn. St. 9; *Markoe* v. *Andras*, 67 Ill. 34; *Carpenter* v. *Mitchell*, 54 Ill. 126; *Dingley* v. *Bank of Ventura*, 57 Cal. 467; 4 Am. St. Rep., note p. 706; 6 Am. and Eng. Ency. of Law 682, note p. 4; 28 Am. and Eng. Ency. of Law 184–189, and notes; 1 Pingrey Mortgages, section 320; 1 Jones Mortgages, sections 228–229; Stewart Mortgages, section 27, notes 10, 11 and 12.

This court held in *Lucas* v. *Hendrix, supra*, that a warranty deed in the statutory form, containing a provision that upon the payment of a sum of money to the grantor the grantee shall be seized in fee simple and that payment may be compelled by suit, creates an equitable mortgage in favor of the grantor.

In *Carr* v. *Holbrook*, 1 Mo. 240, it was held that a deed made for land to be absolute on the payment of certain notes, but in default of payment to be void, was to be considered a mortgage. *Pugh* v. *Holt*, 27 Miss. 461, is to the same effect.

It is clear from these authorities that the grantor in the deed in controversy might have inserted a provision in the deed that a lien was reserved on the real estate to secure the payment of the unpaid purchase-money, whether payable in money or support and maintenance of the grantors, and the same would have been an equitable mortgage on the entire estate. Upon the same principle, if it had been written after the reservation of the life estate in the deed executed in this case, that said life estate was reserved to secure the payment of the unpaid purchase-money, however payable, the same would have been an equitable mortgage on such life estate, the same in effect as if the whole estate had been conveyed to appellee, and he had executed a mortgage conveying said life estate

to the grantors to secure the said unpaid purchase money. 4 Am. St. Rep. 706, note and authorities, *supra.*

This brings us to the final question: may it be shown by parol evidence that the reservation of the life estate was made to secure payment of the unpaid purchase-money, payable in support and allowing grantors to reside on the premises?

If a deed absolute in form may be shown by parol evidence to have been executed as a mortgage, it as conclusively follows that a reservation in a deed may be shown by parol evidence to have been executed as a mortgage.

The conclusion we have reached disposes of the question presented in regard to the parol evidence admitted over appellant's objections. Considering the reservation as an equitable mortgage, the right of possession under the deed is in appellee. *Parker* v. *Hubble,* 75 Ind. 580; *Chitwood* v. *Trimble,* 2 Baxt. 78.

The parties have so construed the deed: possession was given by the grantors and taken by appellee when the deed was executed, and has been held until the commencement of this action by appellee, who has made improvements and paid the taxes and kept the premises in repair with the full knowledge of the grantors and without objection from them. *Johnson* v. *Gibson,* 78 Ind. 282, and cases cited; *Lyles* v. *Lascher,* 108 Ind. 382; *Dwenger* v. *Geary,* 113 Ind. 106, 122.

It follows that the court did not err in rendering judgment on the verdict in favor of appellee.

The case of *Ikerd* v. *Beavers,* 106 Ind. 483, cited by appellant, is not in point here, as neither party to this case is seeking to enforce specific performance of any

contract or to set aside a contract.   There is no available error in the record.

Judgment affirmed.

Filed November 8, 1895; petition for rehearing overruled February 12, 1896.