Birks v. Gillett.

Reversed and remanded.

DAVID BIRKS, use, etc.

v.

JOHN D. GILLETT.

1. PAROL EVIDENCE—WRITTEN CONTRACT—PART PERFORMANCE.—If a contract between parties has been reduced to writing, parol evidence seeking to vary, explain, enlarge or contradict the contract as contained in the writing, is inadmissible. But where the written instrument is executed only in part performance of a verbal contract, parol evidence is admissible.

2. SAME.—Appellant contracted with appellee for the purchase of certain land, a portion of which was subject to a dower interest. It was alleged that the original negotiations between the parties contemplated the procuring said dower interest by appellant, in consideration of which appellee was to pay appellant the sum of $400 per year during the life of the dowress; and that the appellant was to pay appellee $30 per acre for the land which appellee was to convey to appellant after the death of the dowress; that appellant acquired the dower interest by procuring a life lease thereof from the owner; that when appellant and appellee came together to close the bargain, the notes were given for the purchase money, and the deed for the land. As a part of this transaction, it was agreed, as is alleged, that if appellant should pay off the $4,000 note before its maturity (which he did), appellee would pay him in cash $400 per year during the life of the owner of the dower interest; and it was testified that this agreement was made before the execution of the notes, and that the $4,000 note was written as follows in pursuance of this agreement: "On or before December 25, 1885, I promise to pay John D. Gillett or order $4,000, with ten per cent. interest from the death of Jemima Gillett, and the note not to be due until the death of the said Jemima Gillett," etc. *Held*, that if the allegations of appellant are true, the note was made only in part performance of the verbal contract, and represents only one branch of the entire transaction. It was error, therefore, to exclude this parol evidence of the contract.

3. STATUTE OF FRAUDS.—The contract is not void under the Statute of Frauds because it was not to be performed within a year from the making of

it, for the reason that the contingency which might put an end to it, might have happened within one year from that time.

APPEAL from the Circuit Court of Logan county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed June 27, 1883.

Messrs. BEACH & HODNETT, for appellant; that the contract is not within the Statute of Frauds, cited Beard v. Converse, 84 Ill. 512; Wallace v. Carpenter, 85 Ill. 590; Morrill v. Colehour, 82 Ill. 619; Prevo v. Lathrop, 1 Scam. 305: Levy v. Brush, 8 Abbot N. S. 418; Miller v. Kendig, 7 N. W. 500; Throwbridge v. Wetherbee, 11 Allen (Mass.), 361; Short v. Woodward, 13 Gray (Mass.), 86; Randall v. Turner, 17 Ohio, 262; Gibbons v. Bell, 46 Tex. 417; McConnell v. Brayner, 63 Mo. 461; Lessley v. Rosson, 39 Miss. 368; Bassford v. Pearson, 9 Allen (Mass.), 387; Lenscott v. McIntire, 15 Me. 201; Brown v. Brown, 47 Mo. 130; Baker v. Wainright, 36 Md. 336; Shriver v. Eckenrode, 11 Cent. L. J. 415.

Where nothing is left to be done but the payment of money, it is not within the Statute: Curtis v. Sage, 35 Ill. 22; Throwbridge v. Wetherbee, 11 Allen (Mass.), 361; Linscott v. McIntire, 15 Me. 201; Holland v. Hoyt, 14 Mich. 238: Thomas v. Dickinson, 2 Kern, 364; Butler v. Lee, 11 Ala. 885; Wilkinson v. Scott, 17 Mass. 249: Gibson v. Wilcoxsen, 16 Ind. 333; Pomeroy v. Winship, 12 Mass. 513; Bowen v. Betl, 20 Johnson, 338; Wood v. Gee, 3 McCord, 421; 3 Parsons on Contracts, 37.

An agreement to be performed upon a contingency that may happen within a year, is not within the Statute: Peters v. Westborough, 19 Pick. 145; Ridley v. Ridley, 34 Beavan, 478; Fenton v. Emblers, 3 Burrows, 1278; Sullivan v. Murphy, 11 Weekly Rep. 407; Moore v. Fox, 10 Johns. 244; Frost v. Tarr, 53 Ind. 390; Kent v. Kent, 62 N. Y. 560; Riddle v. Backus, 38 Ia. 81; Updyke v. Ten Broecke, 3 Vroom (N. J.), 105; Hutchinson v. Hutchinson, 46 Me. 154; Blanding v. Sargent, 33 N. H. 239; Blair, etc., v. Walker, 39 Ia. 406; Jilson v. Gilbert, 26 Wis. 637; Thouvenin v. Lea, 26 Tex. 612; Blanchard v. Weeks, 34 Vt. 589.

The provision of the Statute relative to contracts not to be performed within a year, applies to contracts not to be performed on either side within a year: McClellan v. Sanford, 26 Wis. 637; Hough v. Blythe, 20 Ind. 24; Allen v. Devlin, 6 Bosw. (N. Y.) 1; Penny v. Penny, 2 Root, 191; Riddle v. Backus, 38 Ia. 81; Cherry v. Heming, 4 Ex. 631.

Proof of the contract was admissible in this case, as it did not vary or contradict any contract in writing between the parties: Ludeke v. Sutherland, 87 Ill. 481; Ruff v. Jarrett, 94 Ill. 475; Barker v. Garvey, 83 Ill. 184; Gammon v. Huse, 100 Ill. 234; St. Clair Co., etc., v. Fietsam, 6 Bradwell, 151; Bross v. C. & V. R. R. Co. 9 Bradwell, 363; Stewart v. Phoenix Ins. Co. 14 Cent. L. J. 432; Simon v. Smart, 11 Hump. 208; Cobb v. Wallace, 5 Cold. 539; Lewis v. Gray, 1 Mass. 297; Barker v. Bradley, 42 N. Y. 316; Jeffrey v. Walton, 1 Stark. 257; 1 Greenleaf on Ev. § 304; Rohan v. Hanson, 11 Cushing, 44, 46.

Messrs. BLINN & HOBLITT, for appellee; that the term "due" means the same as payable or maturity, cited Underwood's R. S. Ch. 98, §§ 11, 13; Walter v. Kirk, 14 Ill. 57.

McCULLOCH, P. J. This was a suit in assumpsit brought by appellant against appellee, to recover a sum of money alleged to have become due under the following circumstances: Appellee was the owner of certain lands which appellant was desirous of purchasing. But one quarter section of it was subject to a life estate in one Jemima Gillett, as dowress of a former owner. Before appellant would make the purchase, it became necessary to acquire this life estate for his use, so that he could have the immediate possession of the whole. The evidence tends to show that appellee told appellant to go and see if he could purchase from Mrs. Gillett her interest in the land promising at the same time if he succeeded, he (appellee) would pay four hundred dollars therefor during her life. Appellant went to see her, but she refused to take any less sum than five hundred dollars per annum. Upon his reporting this fact to appellee, the latter replied he would not give more than four hundred. Appellant then told appellee that he

would pay the other one hundred dollars himself, to which appellee assented. Appellant thereupon procured a life lease from Mrs. Gillett for her dower interest in the land upon the condition that appellant should pay her five hundred dollars per year, and also pay all taxes upon the land, with a clause of forfeiture in case of non-payment.

Appellee then made a deed to appellant for all the land in question, which deed contained covenants of general warranty as to all the lands except that portion covered by the life estate of Mrs. Gillett, but it was to operate only as a quit claim as to. that.

The consideration to be paid by appellant was to be $11,-850, which was embraced in two promissory notes, so called, one for $7,850, which has been paid, and about which there is no controversy, the other one for $4,000, which has also been paid.

It is claimed that at the time of the execution of these notes and of the deed for the land, it was further agreed that appellee was to pay appellant the sum of $400 per year, toward the payment of what was coming to Mrs. Gillett annually for her dower interest in the land. To accomplish this purpose it was, as is alleged, agreed that the note for $4,000 should be made so that appellant need not pay the money during the life-time of the dowress, but should have the use of it without interest in lieu of the cash payment of $400 per annum Accordingly the note was made in the following form: "On or before December 25th, 1885, I promise to pay to John D. Gillett or order, four thousand dollars, with ten per cent. interest from the death of Jemima Gillett, and the note not to be due until the death of said Jemima Gillett, widow of John Gillett. This Dec. 25, 1875."

By the terms of this note, the money was not to become due until ten years after its date, and not then if Jemima Gillett should then be alive. But from the date of her death, if that event should take place within the ten years, the note was to draw interest at ten per cent. per annum. But by its terms appellant had the privilege of paying it off at any time after, it was made. The only other paper made, between appellant

Birks v. Gillett.

and appellee, was a mortgage made by appellant to appellee to secure the payment of these two notes, which mortgage has been released upon the record. Now if these papers, to wit, the deed, the two notes and the mortgage, are to be taken as the only evidence of the contract between the parties, it has been fully executed, and appellant has no right of recovery against appellee.

But appellant testified on the trial that at the time the notes were made appellee promised to pay him four hundred dollars a year after he had paid the note off, if he paid it; that the note was made in the manner in which it was made, to avoid payment backward and forward of the rent or dower money; that appellee wanted it written in the note "ten years after date;" and then the witness proceeds as follows: "That then I put it in, *on or before*, and he says you can pay on it when you please if the note is drawn in that way, then, as soon as you pay it off, I will pay the four hundred dollars a year. That was the reason the notes were made payable on or before a given date."

After the appellant had introduced this evidence and the papers aforesaid, defendant moved the court to exclude all the evidence from the jury; which motion the court sustained. Then followed a verdict for appellee and a motion for a new trial, which the court overruled and rendered judgment upon the verdict. To all of these rulings exceptions were taken in apt time by appellant, who now assigns them as grounds of reversal by this court.

It is needless to say that the papers introduced in evidence must speak for themselves, or, if their terms were at all ambiguous, we might be assisted in giving them the proper interpretation by the acts of the parties while executing the contract. It is contended the note in question does not bear the construction we have given it above, but that appellant had no right to pay it off before the death of Jemima Gillett. Our construction of the note is not only that which appears to us to be the most reasonable, but it is also that upon which both parties thereto acted, appellant by paying the money and appellee by receiving it, before the death of Mrs. Gillett.

It is also contended that appellant has failed to show a compliance, on his part, with the terms of the contract to which he testified, in that he only procured a lease of the life estate, when, in fact, he was to purchase it. As this was only a preliminary arrangement to the final consummation of the bargain, it is enough to say that after appellant had procured the lease, appellee went on and completed the transaction by making a deed for the land, and accepting appellant's notes for the consideration. If any contract was made between appellant and appellee in relation to the payment of the four hundred dollars per annum, after he should have paid off the notes, such contract was undoubtedly made about the time the notes were given. Knowing, as he must have done, that appellant had procured only a lease for the dower interest instead of a deed, he can not well insist that appellant has not done as he agreed to do. But this seems to be an immaterial point, as the real consideration for appellee's promise, if any such was made, was his inability to make a perfect title to the land, by reason of the incumbrance of this life estate, against which he did not warrant. It was of little consequence to him whether appellant got a deed or only a lease of the life estate, inasmuch as he had not warranted against it, but in lieu of a perfect title thereto, he had agreed to pay appellant four hundred dollars per year, so long as the dowress lived.

As counsel for appellee do not insist upon the Statute of Frauds, in defense of their client's interests, it is wholly unnecessary for us to discuss that question at length. The deed from appellee to appellant was a good contract of conveyance, and our statute dispenses with the necessity of setting forth in the writing what the consideration was, but that may be proved by parol. R. S. Ch. 59, Sec. 3. It is true that if the consideration was something which the statute would in any event require to be in writing, as when lands are exchanged by deed, then the consideration must be expressed in writing. But while the contract on the part of the owner of the land, proposed to be conveyed, must be in writing, in order to bind him, the consideration to be paid by the purchaser need not be so expressed.

Nor is the contract void because it was not to be performed within a year from the making of it, for the reason that the contingency, which might have put an end to it, might have happened within one year from that time. The annual payments were only to continue during the life-time of Mrs. Gillett, and that might have terminated at any moment after the contract was entered into.

The point most seriously urged by counsel for appellee, and that upon which the court below seems to have decided the case, is that this parol evidence seeks to vary, explain, enlarge and contradict the contract as contained in the writings offered in evidence, and that, therefore, it was inadmissible. If the contract between the parties had been reduced to writing, this objection would be insuperable. But sometimes written instruments are executed in part performance of a verbal contract, and yet the verbal contract in so far as it remains executory may be in full force. Thus, in the case of Ellis v. Sisson, 96 Ill. 105, the title to the land in question was in Ellis, who had purchased the same from John M. Waugh. As part payment he had assumed the payment of a mortgage held by Sisson upon the same land, and for the balance of the purchase money Ellis had given a mortgage to Waugh. In a tripartite agreement made between the persons named and one Rathbun, it was agreed that Ellis should convey the land to Sisson and Rathbun; that Sisson's mortgage should be canceled, and that Waugh should accept such conveyance to Sisson and Rathbun in satisfaction of the mortgage held by him, and for the balance of the purchase money Ellis was to have a first mortgage upon the premises. But the amount that Ellis was to receive was to be determined from certain data not then at hand. Thereupon a writing was drawn up and signed by Ellis, Sisson and Rathbun, which witnessed the terms of the agreement relating to the purchase and sale of the land, and fixed the time when the same should be closed up.

On the day appointed, the parties disagreed, and after some time Ellis brought a bill for specific performance. The Supreme Court held that Ellis had substantially complied with

his contract, that the Sisson mortgage was thereby canceled, and that Waugh, although not a party to the writing, was bound by his verbal contract to surrender his mortgage to Ellis, or, at least, to let Ellis in with his mortgage as a first incumbrance upon the land. In that case the writing was made in part execution of the verbal contract. In so far as the writing set forth any part of the transaction it could not be contradicted or added to, but it did not stand in the way of showing what the whole transaction was, although it was not all reduced to writing. The same principle. is involved in Beard v. Converse, 84 Ill. 512; Ludeke v. Sutherland, 87 Ill. 481; Ruff v. Jarrett, 94 Ill. 475; Gammon v. Huse, 100 Ill. 234; Combs v. Bradshaw, 6 Bradwell, 115; St. Clair Co. Ben. Soc. v. Fietsam, Ibid. 151; Bross v. C. & V. R. R. Co. 9 Bradwell, 363. The present case comes within the principle of these decisions. It is alleged that the original negotiations between appellant and appellee contemplated the procuring by appellant of the dower interest of Mrs. Gillett; that in consideration thereof appellee was to pay appellant the sum of $400 per year during the life of the dowress; that then appellant was to pay appellee $30 per acre for the land, which appellee was to convey to appellant; that thereupon appellant proceeded to acquire the dower interest, which he did by procuring a life lease thereof from the owner; that, when they came together to close up the trade, the notes were given for the purchase money, and the deed was made for the land as already detailed. As a part of this transaction it was agreed, as is alleged, that if appellant should pay off the $4,000 note before its maturity, appellee should pay him in cash the sum of $400 per year during the life-time of Mrs. Gillett. It is testified that this agreement was made before the execution of the notes, and that the $4,000 note was written as it was in pursuance of this agreement. If this be so, then the note was made only in part performance of the verbal contract, and represents only one branch of the entire transaction. The deed represents the conveyance of the land, which was one of the things to be done; the notes represent the consideration to be paid, which was another of the things to be

done; but the agreement for the payment of the sum of $400 in lieu of a perfect title to the land, which was another of the things to be done, is not in writing, nor would the form of the note, without extrinsic evidence, ever lead us to the conclusion that its purpose was to secure the payment of this $400 for the purposes alleged. We are of the opinion that if appellant can prove what he alleges he can, that he has a good cause of action, and that the fact that the deed has been executed, and the notes given as they appear to have been, does not form an insuperable barrier against the introduction of parol evidence to show the whole transaction, and that for this reason the court below erred in sustaining the motion to exclude it from the jury.

There being evidence tending to prove a contract, it was for the jury to determine whether or not it was sufficiently proved, and whether or not appellant had fully performed his part of it. If so, he can recover on the common counts. For this reason the judgment of the circuit court will be reversed and the cause remanded.