## William L. Scott v. James R. Scott, Executor of the Will of Archibald R. Scott, and A. R. Scott, Jr.

1. ADMINISTRATION OF ESTATES—*Power of Executors to Dispose of Assets.*—It is not within the power of an executor to contract away the assets of an estate, and an agreement to do so presents no lawful defense to an action at law brought to collect such assets.

2. INJUNCTION—*To Restrain a Suit at Law.*—An injunction will not lie to restrain the prosecution of a suit at law where the complainant shows by his bill that he has no available defense to the action at law or in equity.

Injunction, to restrain a suit at law. Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

*Exhibit B, mentioned in the statement of the case:*

STATE OF ILLINOIS, } ss.
Champaign County. }    Know all men by these presents, that we,
William L. Scott, of the City of Shelbyville,
County of Shelby and State of Kentucky, and Fannie V. Bell and William H. Bell, her husband, of the County of Shelby and State of Kentucky, and Eliza M. Scott, widow of Archibald R. Scott, deceased, of the City of Champaign, County of Champaign, State of Illinois, for and in consideration of the sum of eight thousand, two hundred and fifty-five dollars, paid to the said William L. Scott, and eight thousand and seventeen and fifty one-hundredths dollars, paid to the said Fannie V. Bell, and twelve thousand five hundred dollars paid to the said Eliza M. Scott, widow as aforesaid, by A. R. Scott, Jr., of the City of Champaign, County of Champaign and State of Illinois, do hereby grant, bargain, sell and convey all our right, title, interest, claim and demand in and to any and all of the real estate belonging to Archibald R. Scott, late of said County of Champaign and State of Illinois, and all right of dower and homestead therein, and also all right, title, interest, claim and demand that we and each of us have in and to any and all of the personal property of the said Archibald R. Scott, deceased, and all rights as heirs and widow of the said Archibald R. Scott, deceased, in and to any part or parcel of his said estate, and hereby release unto the said A. R. Scott, Jr., all rights that we now have or hereafter may have as heirs and widow under the will of the said Archibald R. Scott, deceased, and hereby authorize the said A. R. Scott, Jr., to take, receive, accept and receipt for any and all moneys coming to us and each and every one of us from said estate and under the said will of the said Archibald R. Scott, deceased.

Witness our hands and seals this 25th day of March, 1892.

W. L. SCOTT,     [Seal.]
F. V. BELL,      [Seal.]
W. H. BELL,      [Seal.]
E. M. SCOTT.     [Seal.]

### STATEMENT OF THE CASE.

This was a bill in chancery filed September 26, 1893, to enjoin the prosecution of an action in assumpsit, brought by James R. Scott, in his capacity as executor of the last will of Archibald Scott, deceased, against the appellant, to recover upon a certain note alleged to be due to the said estate.

The material allegations of the bill, counsel for appellant, in his brief, states as follows:

Archibald R. Scott, a resident of Champaign county, died

in November, 1891, and his will was probated soon after.
The legatees under the will were the complainant, the de-
fendant executor, John L. Scott, Fannie V. Bell, Eliza M.
Scott and A. Marshall Scott, six in number.   The complain-
ant and James R. Scott, who were named as executors,
qualified and entered upon the administration of the estate.
In making up the inventory of the personal estate, the two
executors found a note that had been given by the complain-
ant to the said James R. Scott, for the sum of $890, of date
November 9, 1878, payable sixty days after date, and
indorsed by J. R. Scott.   It was then agreed between the
two executors that the note was not a subsisting claim
against the complainant, and it was not inventoried.   The
inventory was filed and the complainant returned to his
home in Kentucky, leaving the active management of the
estate to his co-executor, who was his brother.   Not long
after this, controversies arose between James R. Scott, who
resided in Illinois, and some of the devisees and legatees,
and a family gathering was called at Champaign, in March,
1892.   The complainant was desirous of maintaining peace-
ful and friendly relations among the members of the family,
and finally it was agreed that Mrs. Bell (a sister), Mrs. Eliza
M. Scott (widow of Archibald R. Scott), and the complain-
ant, would sell their respective interests in the estate to James
R. Scott, thus putting an end to further controversy, and
this was done.

The complainant, as the bill alleges, was to receive no
money for his interest, but the true and only consideration
was the simultaneous agreement of James R. Scott to release
him from any and all claims against him by the estate of his
father, Archibald R. Scott.   The complainant signed the
paper marked Exhibit B, selling and conveying his interests
in the estate, and, as the bill alleges, and at the time he
signed it and acknowledged it, there was no consideration
expressed therein.   It is true that certain notes were deliv-
ered by James R. Scott to the complainant, and these were
notes held by his father against him, but the note for $890
was not asked for or delivered, because it was not inven-

toried, and both had agreed that it was not a valid claim against complainant. Nevertheless, the bill alleges that the true and only consideration for the sale and conveyance was the simultaneous agreement of James R. Scott to release complainant from any and every demand his father, Archibald R. Scott, had against him, at his death. The expressed consideration in the conveyance of $8,255 is, therefore, charged by the bill to be untrue.

At this point, when the conveyance came to be executed, the bill alleges, at the request of James R. Scott, his son, A. R. Scott, Jr., was substituted as the buyer, in the place and stead of his father. This was done, as the bill alleges, for the reason assigned by James R. Scott, that he, being the executor, might not be permitted to buy said interest. The bill also alleges that A. R. Scott, Jr., was the mere agent or trustee for his father in the transaction; that the means and money used in consummating the agreement were furnished entire by James R. Scott, and he is the real and only person interested therein. James R. Scott furnished no money or means of his own in the transaction with complainant, but released complainant from any and all debts due or owing by him to the estate of Archibald R. Scott, deceased.

In the consummation of the agreement, the complainant resigned as executor of the will, and James R. Scott became the sole executor. This was in view of the fact, then well understood between the members of the family, that James R. Scott had become the owner of the various interests of the estate.

After the closing of the transaction, James R. Scott, as sole executor, filed a supplemental inventory, embracing the note for $890, and instituted a suit at law against the complainant in the Circuit Court of Champaign County. The bill in this case was filed for the purpose of restraining the prosecution of that suit, upon the ground that a defense existed not available in a court of law.

To this bill a demurrer was sustained, the bill dismissed and the injunction dissolved, and the complainant appealed to this court.

BROWN, WHEELER & BROWN, attorneys for appellant.

GERE & PHILBRICK, attorneys for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

We think the court ruled correctly in sustaining the demurrer.

The agreement relied upon as a defense to the note could not be so availed of in law.

It is not in the power of executors to so contract away the assets of an estate, and an agreement so to do would present no lawful defense to an action at law brought to collect the assets.

In exceptional cases, as; if it appeared the estate was solvent, and persons interested as legatees, devisees or heirs, had joined in the execution of and become bound by the contract, perhaps the equities of the maker of the note might demand equitable interference, and give jurisdiction to a court of chancery.

In the case at bar, the time allowed creditors in which to file their claims against the estate had not elapsed when the bill was filed, and the bill contains no allegation as to the solvency of the estate.

Nor is it alleged, with sufficient degree of certainty, if alleged at all, that the legatees were parties to the agreement.

Construing the bill, as we should, most strongly against the pleader, it is to be conceded that creditors may be interested in the collection of the note, and that the legatees did not join in, and are not bound by, the alleged agreement. Moreover, if the agreement presented a defense to the action, it could be made at law, and there would be no reason to resort to chancery.

The agreement sought to be established was not reduced to writing.

It rested in parol.

The instrument executed by the complainant to A. R. Scott, whereby he conveyed his interest in the estate, was not executed as constituting the agreement, but only in part performance of it.

Its execution could not operate to exclude parol testimony as to the terms and conditions of the contract.   Bank v. Gillett, 13 Ill. App. 369; Lacy v. Gard et al., lately decided in this court and not yet reported; 7 Amer. & Eng. Ency. of Law, 91 and 92.   Affirmed.