Julin v. Bauer.

Reversed and remanded with directions.

---

## Carl F. Julin v. Anna Bauer, Peter Van Vlissingen et al.

1. CONTRACTS—*Of Extension—Essentials.*—In order that both parties should be bound by a contract of extension it is essential that some consideration should appear. Unless the debtor is bound to retain the money for a given time, and to pay the interest for that time, whether he retains the money for the time or not, such contract lacks consideration, and is not binding upon either party.

2. SAME—*Void Under the Statute of Frauds.*—To render a parol contract void under the statute of frauds, it must be the apparent understanding of the parties that it was not to be performed within a year from the time it was made.

**Foreclosure of Trust Deed.**—Trial in the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Decree for complainants; appeal by defendants. Heard in the Branch Appellate Court at

the March term, 1899. Reversed and remanded. Opinion filed April 11, 1899.

FRED H. ATWOOD and FRANK B. PEASE, attorneys for appellant.

A verbal agreement to extend the time of payment is binding and suspends the right to foreclose. 2 Jones on Mortgages, Secs. 1190 and 1191; Goodall v. Boardman, 53 Vt. 92; Loomis v. Donovan, 17 Ind. 198; Tompkins v. Tompkins, 21 N. J. Eq. 338.

Where a written proposition is made, a verbal acceptance is sufficient. Farwell v. Lowther, 18 Ill. 252; Esmay v. Gorton, 18 Ill. 483; Perkins v. Hadsell, 50 Ill. 220; Sanborn v. Flagler, 9 Allen (Mass.), 474; 8 Am. and Eng. Enc. of Law, 711, and cases cited; Argus Co. v. Mayor of Albany, 55 N. Y. 495; Thayer v. Luce & Fuller, 22 Ohio St. 62.

WILLIAM W. CASE, attorney for appellees.

An agreement to postpone the maturity of a promissory note is without consideration and invalid unless the person liable upon the note binds himself by a valid counter-promise to keep the principal and pay the interest during the extension period. Waters v. Simpson, 2 Gilm. 570; Woodford v. Dow, 34 Ill. 424; Glickauf v. Hirschhorn, 73 Ill. 574; Stuber v. Schack, 83 Ill. 191; Crossman v. Wohlleben, 90 Ill. 537.

If there was a verbal agreement to extend the time of payment for five years, and this agreement was within the statute of frauds, it was no more available as a defense than as an affirmative cause of action. McGinnis v. Fernandes, 126 Ill. 228; Wheeler v. Frankenthal, 78 Ill. 124; Browne on the Statute of Frauds, Sec. 131.

An agreement to extend the time of payment of a note is an agreement of forbearance, and if the extension is for more than one year the agreement is void unless in writing. Mills v. Todd, 83 Ind. 25; Ralph v. Baxter, 66 Ill. 416.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The bill in this case seeks to foreclose a trust deed for

non-payment of one of two notes thereby secured, each for the sum of six thousand dollars. The first note became due in 1893, and by agreement of the parties was extended five years. The second became due September 1, 1896. Appellant undertook to procure its extension at a reduced rate of interest, and claims that Van Vlissingen, one of the appellees, as agent for the holder of the note, agreed with him to extend it five years from the date of its maturity. This is denied by complainants, and the principal controversy is whether or not a valid agreement for extension was made.

The interest had been fully paid, and there has been no default except as to payment at maturity of the note, which is claimed to have been extended. The bill seeks to foreclose to compel payment of the one note only, leaving the other to mature according to its terms.

Appellees deny that any extension agreement was made, but say that if there was any, such agreement was not in writing, as they insist is required by the statute of frauds. The master, while expressing the opinion that appellant was led to and did believe that he had secured such extension, concludes that no such valid agreement in writing was made as in his opinion the statute requires.

The evidence tends to show that appellant signed, August 4, 1896, an application in writing to Van Vlissingen, for a six thousand dollar loan, to run from September 1, 1896, in which application he authorized the said agent to negotiate the loan at five and a half per cent interest, and agreed to pay one and one-fourth per cent commission. It is stated in the application that the proposed loan is applied for to pay off the note now in controversy. This was treated by both appellant and Van Vlissingen as an application for an extension, not for a new loan. In a letter to appellant dated August 12, 1896, the agent says:

"With reference to your application for loan of $6,000 at five and one-half per cent, * * * I find the party unwilling to extend the loan at five and one-half per cent. I think the best arrangement I can make for you is six per cent and one and one-fourth per cent commission." Appellant's testimony is that he thereupon agreed to pay the six

per cent and the one and one-quarter per cent commission, although he says the agent had previously agreed to extend upon the terms of the application of August 4th, in proof of which he produces the agent's business card, on the back of which Van Vlissingen had written: "Carl F. Julin, five and one-half per cent interest, and one and one-fourth per cent commission, and twenty-five dollars for drawing papers."

The agent's version is that Julin at all times refused to pay more than five and one half per cent interest.

August 22d, thereafter, Van Vlissingen wrote Julin that the holder of the note had informed him she was in need of the money and had requested him to collect it at maturity. This is admitted to have been untrue. Appellee Bauer, the holder of the note, was, as she testifies, entirely willing to extend it at six per cent.

Subsequently, in October, when the note in controversy had, according to its terms, matured, Van Vlissingen sent a clerk to Julin with a demand that he sign a new application for the money at the rate of six per cent interest and two and one-half per cent commission. Appellant claims that his refusal to pay this extra commission is the reason for this suit.

The written memoranda signed by Van Vlissingen are not sufficient to evidence an agreement between him and appellant for an extension. The verbal testimony is conflicting, and the evidence upon the whole fails to establish such an agreement.

It is urged, however, that the appellee, Anna Bauer, the holder of the note, is estopped from maintaining this suit.

The bill was filed November 2, 1896. When the case came up before the master, appellant claims to have been able to learn, for the first time, the address of Mrs. Bauer, who, as the holder of his note, is the real party in interest. He called upon her, and told her his version of the negotiations with Van Vlissingen, to the effect that he had accepted the proposition to pay the six per cent interest and one and one-fourth per cent commission for a five years' extension. She had been previously informed of the agent's

version, namely, that appellant refused to pay more than five and one-half per cent interest, and that therefore the foreclosure proceeding had been begun.　Mrs. Bauer then, as the master finds, made a verbal agreement with appellant to take the business out of Van Vlissingen's hands, and to have papers drawn extending the note five years at six per cent.　Appellant testifies that she agreed to dismiss the suit and relieve him from all business with the agent. He thereupon paid her six months' interest, due that day, March 1st, at the rate of six per cent—the note by its terms bearing interest at the rate of seven per cent after its maturity,—and received her receipt therefor.　This interest payment was subsequently, under advice of appellees' counsel, tendered back to appellant, who refused it.

The master finds, in substance, that the evidence discloses an agreement by appellant with Mrs. Bauer to retain the money for the period of five years from the maturity of the note, and to pay interest upon it for that time at six per cent, in consideration of which Mrs. Bauer agreed to have papers drawn extending the note five years; and such was clearly the real intention and understanding of the parties.

It is essential that both parties shall be bound by the contract of extension; some consideration must appear; "Unless the debtor is also bound by the contract to retain the money for a given length of time, and to pay the interest for that period whether he retains the money that length of time or not, such promise by the creditor lacks consideration, and is not binding upon either party." Crossman v. Wohlleben, 90 Ill. 537, 542.

These conditions seem to have been met by the agreement in question.

The master, while expressing doubt whether she ought not to be held estopped from further prosecution of this suit, finds, that as the agreement then made was not in writing, it was not binding upon appellee under the statute of frauds, apparently because of the want of direct evidence that it was by its terms to be performed within a year.

There is nothing in the agreement—the terms and making of which are not disputed by Mrs. Bauer—to show that it was not to be so performed. On the contrary, the strong implication is that it was the intention of the parties that it should be performed without delay. Indeed, the performance seems to have begun at once by the payment of the interest then due at the rate of six per cent and the acceptance of it by appellee Bauer, although by the terms of the original note she was then entitled to claim seven per cent, it having already matured. In McPherson v. Cox, 96 U. S. 404, 416, it is said: "The statute of frauds applies only to contracts which by their terms are not to be performed within a year, and does not apply because they may not be performed within that time. In other words, to make a parol contract void, it must be apparent that it was the understanding of the parties that it was not to be performed within a year from the time it was made," referring to Peter v. Compton, Skin. 353, decided in King's Bench by Lord Holt, and the cases collected under it in 1 Sm. L. C. 432. Again in Walker v. Johnson, 96 U. S. 424, 427, the same doctrine is reaffirmed. "In order to bring a parol contract within the statute, it must appear affirmatively that the contract was not to be performed within the year."

In Birks v. Gillett, 13 Ill. App. 369, 375, it is said that the contract was not void because it was not to be performed within a year from the making of it, "for the reason that the contingency which might have put an end to it, might have happened within one year from that time." It is evident that the agreement to dismiss the suit and to have papers drawn extending payment for five years could have been, and if carried out in good faith would have been, executed within less than a year.

For the reasons stated we are of opinion that the application for leave to amend the answer setting up the agreement with Mrs. Bauer should have been allowed.

The suit is prosecuted under an agreement between Mrs. Bauer and her agent, in which he promises and guarantees to her that she shall be at no cost or expense whatever for

attorney's fees or otherwise.    It is urged that this is main-
tenance, and in violation of the criminal statute in relation
thereto.    Of the gross impropriety of such an agreement,
if made for the purpose of inducing her to allow a suit to
be prosecuted in her name for another's benefit, there can
be no question.    Further than this, consideration of the
agreement in question is not now necessary; and we do not
undertake to determine its effect, if any, upon the rights of
the parties.

The decree of the Circuit Court is reversed, and the cause
remanded.