Martin Luther et al., appellants, v. Martin C. Luther, appellee.

Martin Luther et al., appellants, v. August F. Luther, appellee.

Martin Luther et al., appellants, v. Edward M. Luther, appellee.

Filed December 26, 1918. No. 20105.

1. Parol Evidence: Deeds. Where a deed reserving a life estate in a farm does not contain the entire contract resulting in the conveyance, grantee may prove by parol that he accepted title on the condition that he should occupy and use the farm for a specified annual rental during the lifetime of grantor, the latter having previously made an oral promise to give grantee a farm for services which he subsequently performed.

2. Trial: Proffered Instructions. Offered instructions to a jury should be in writing.

Luther v. Luther.

Appeal from the district court for Dodge county: George H. Thomas, Judge. *Affirmed.*

*George L. Loomis* and *Courtright, Sidner & Lee,* for appellants.

*Frank Dolezal* and *J. C. Cook, contra.*

Rose, J.

Martin Luther, plaintiff, acting for himself and as guardian for Wilhelmene Luther, his second wife, now deceased, commenced three separate actions April 16, 1915, to recover in the aggregate $1,526.25, alleged to be due for farm rentals for the year ending March 1, 1915. June 29, 1910, plaintiff and his second wife had deeded to each defendant a 160-acre farm in Dodge county. Each deed contained a reservation in the following form:

"Subject to a life estate of an undivided three-fourths (¾) of the income of the above described property in favor of Martin Luther and an undivided one-fourth (¼) of the above described property in favor of Wilhelmene Luther which grantors reserve to themselves."

Defendants are sons of plaintiff by his first wife. For several years before the deeds were executed each defendant had occupied and farmed the land conveyed to him and had paid plaintiff annually $2 an acre. In addition to the land conveyed to Martin C. Luther, defendant, he had farmed about 65 acres. The claim against him is based on an annual rental of $4 an acre for the deeded land and $3.50 an acre for the additional tract, the amount demanded from him being $867.50. In addition to the land conveyed to August F. Luther, defendant, he had farmed about 12½ acres of adjoining land. The claim against him is based on an annual rental of $4 an acre for the deeded land and $3.50 an acre for the additional tract, the balance demanded from him being $338.75. The amount of the claim against Edward M. Luther, defendant, is $320, the difference

between the annual rental of his deeded land at $4 an acre and $2 an acre.

At the time of the trial the ages of defendants were approximately as follows: Edward M. Luther, 53; August F. Luther, 49; Martin C. Luther, 47. In defense they pleaded in substance that, after arriving at majority, they performed an oral contract to work for their father on his lands in Dodge county, the consideration being a promise on his part to give to each a farm; that they thus acquired the right to use and to permanently occupy the deeded lands; that the deeds were delivered and accepted under an oral agreement to pay to their father during his lifetime an annual rental of $2 an acre. The reply was a general denial. The actions were consolidated and tried together. The jury found the issues in favor of defendants. From a dismissal of the actions plaintiff has appealed.

Did the trial court err in permitting defendants to prove by parol an oral agreement granting them the right to occupy and use the lands during the lifetime of their father by paying him annually $2 an acre? This is the controlling question presented by the appeal. Plaintiff argues that the trial court violated the rule excluding parol evidence to contradict, change or vary the terms of a written instrument and also disregarded the statute declaring that a lease for a longer period than one year is void unless in writing. Rev. St. 1913, sec. 2625. Defendants were in possession of the deeded lands when the deeds were executed. For many years they had continuously performed for their father the work of farmers on his lands in this state. Later they farmed tracts of his lands for themselves. Their mother died. Their father remarried, lived in Iowa and there raised a second family, but eventually returned to Dodge county. He had acquired considerable property in both states. From the time the deeds were executed in 1910 until plaintiff brought these suits in 1915 defendants paid their father annually $2 an acre.

A half-brother, who had been raised in Iowa, but who had become a neighbor of defendants in Dodge county, Nebraska, aided plaintiff in this litigation. Plaintiff had promised each defendant a farm for services which were subsequently performed. The deeds were executed under the circumstances narrated. The evidence is conclusive that the deeds did not contain the entire contract resulting in their execution. All parties so understand the transactions. Each of two defendants, for the benefit of a half-sister, subsequently executed a mortgage on the land described in his deed. These obligations had been in contemplation but the deeds make no reference to them. The deeds were accepted only on condition that the right to occupy and use the deeded lands should continue for the annual compensation of $2 an acre during the lifetime of plaintiff. This condition does not contradict the terms of the written instrument. Under such circumstances, the oral testimony showing the condition on which the deeds were accepted by the sons in part performance of the original promise of their father to give each a farm and the oral evidence showing the agreement not reduced to writing do not violate the statute of frauds nor the rule that a written contract cannot be varied or contradicted by parol. 4 Wigmore, Evidence, sec. 2430; *Jordan v. Estate of Warner*, 107 Wis. 539; *Bever v. Bever*, 144 Ind. 157; *Slocum v. Bracy*, 55 Minn. 249; *Smith v. Pfluger*, 126 Wis. 253, 2 L. R. A. n. s. 783; *Birks v. Gillett*, 13 Ill. App. 369. The defense thus established defeats also the cause of action in favor of plaintiff's second wife, now deceased.

Plaintiff contends further that defendant Martin C. Luther still owes $77.50 and August F. Luther $18.75 even if plaintiff did by contract limit the annual rental for the deeded land to $2 an acre. On the record presented the point does not seem to be well taken. Specific sums for full compensation based on a higher rental were demanded by plaintiff in his petitions and

103 Neb.—

in his requests for peremptory instructions. Plaintiff pursued this course throughout the trial. This was the theory on which the cases were contested. The feature of a partial recovery applicable to two defendants only in consolidated actions against three defendants was not called to the attention of the trial court by the offering of an instruction in writing as required by statute. Rev. St. 1913, sec. 7850. This phase of the case, however, was called to the attention of the trial court by an oral statement after the written instructions had been given to the jury, but such a method does not meet the statutory requirements. There is no substantial ground for reversing the judgments.

AFFIRMED.

SEDGWICK and ALDRICH, JJ., not participating.